UNITED STATES of America,
Plaintiff-Appellee,

v.

Dennis James BANKS,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Russ REDNER, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Kenneth Moses LOUD HAWK,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellant,

v.

Ka-Mook BANKS, Defendant-Appellee.

Nos. 80–1574, 80–1582, 80–1583
and 80–1630.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 7, 1981.

Decided July 29, 1982.

Rehearing and Rehearing En Banc Denied
Oct. 5, 1982.

Kenneth S. Stern, Milwaukie, Or., argued, for Banks, Redner and Hawk; Rose & Stern, Milwaukie, Or., on brief, for Banks; S. Lynn Parkinson, Parkinson, Fontana, Schumann & Jones, Oregon City, Or., on brief, for Redner; Ronald P. Schiffman, Clackamas, Or., on brief, for Hawk.

Michael T. Bailey, Portland, Or., for Nichols.

Jack C. Wong, Asst. U. S. Atty., Portland, Or., argued, for plaintiff-appellee; William Youngman, Asst. U. S. Atty., Portland, Or., on brief.

Before KENNEDY, FERGUSON and REINHARDT, Circuit Judges.

REINHARDT, Circuit Judge.

Defendants Dennis Banks, Russ Redner and Kenneth Moses Loud Hawk appeal from an order of the district court denying their motion to dismiss their indictment on the ground of vindictive prosecution. The Government cross-appeals from the same order, which dismissed the entire indictment as to defendant Ka-Mook Banks. However, the Government does not contest the district court's dismissal of Count VII of the indictment as to Ka-Mook Banks,[1] see Opening Brief of Plaintiff-Appellant 38 n.22;[2] rather, the Government contends only that it was error for the district court

---

1. Count VII of the indictment is applicable only to Ka-Mook Banks and Count VI is applicable only to Dennis Banks. Counts I through V of the indictment are applicable to all defendants. See *infra* note 4.

2. The United States' brief states that "the Government is not appealing the district court's ruling on the new gun count." The Government's explanation for its decision is its desire "to avoid further complicating this appeal and in the interest of avoiding further delay in this already protracted litigation . . . ."

to dismiss the entire indictment against Ka-Mook Banks where the court's finding of an undispelled appearance of vindictiveness was based solely on the addition of one new count to a superseding indictment. The events leading to the initiation of this prosecution more than five years ago are recounted in detail in the court's previous *en banc* decision. *United States v. Loud Hawk*, 628 F.2d 1139, 1141–44 (9th Cir. 1979) (*en banc*), *cert. denied*, 445 U.S. 917, 100 S.Ct. 1279, 63 L.Ed.2d 602 (1980).

Loud Hawk, Redner, and Ka-Mook Banks were arrested by Oregon state police in November of 1975, after the FBI had notified Oregon authorities of their possible presence in the state. The vehicles in which the appellants were travelling were impounded and subsequently searched pursuant to a state warrant. The search disclosed firearms, ammunition, one electric blasting cap, a large quantity of non-electric blasting caps, and material thought by state police conducting the search to be dynamite. *United States v. Loud Hawk*, 628 F.2d at 1142–46. State authorities subsequently decided that the explosive material should be destroyed, and this was done in the presence of an FBI agent, who photographed the process.

A five count superseding indictment was brought on December 22, 1975, charging all defendants with three counts relating to possession and transportation in commerce of an unregistered destructive device and one count of transporting firearms, and charging Dennis Banks alone with one count of being a felon in possession of firearms. Two days later the defendants filed a motion seeking dismissal of the indictment, or alternatively, suppression of any secondary evidence relating to the alleged destructive device, in light of the destruction of the explosive material which was a significant component thereof. Judge Belloni initially denied this motion, but on reconsideration and after a hearing, he granted the motion to suppress. The Government filed a notice of appeal from this order, and at the same time requested a continuance of the trial date, at that time less than a month off. The Government argued that a continuance was necessary in order to effectively preserve its right to appeal the suppression order. The motion for a continuance was denied. When the case was called for trial on May 12, 1976, the Government answered not ready; pursuant to Federal Rule of Criminal Procedure 48(b), Judge Belloni dismissed the indictment with prejudice.

The district court's decision was affirmed by a panel of this court. Application for an *en banc* consideration was made and granted, and this court *en banc* remanded to the district court for 45 days for an evidentiary hearing on the nature and extent of the federal government's participation in the destruction of the explosive material. This court retained jurisdiction of the case. Order of Remand, March 6, 1978. The district court held the evidentiary hearing and made findings of fact, as directed in the order of remand. This court, sitting *en banc*, then reviewed the orders of the district court in light of the hearing on remand and reversed both the suppression order and the dismissal of the indictment with prejudice. *United States v. Loud Hawk*, 628 F.2d at 1146–51. In our opinion, we distinguished the counts relating to the destructive device from those involving firearms violations. As to the former, we concluded that it was error to dismiss for "unnecessary delay" under Federal Rule of Criminal Procedure 48(b) where the delay was "necessary to permit the meaningful exercise of [the Government's] statutory right" to appeal under 18 U.S.C. § 3731. *Id.* at 1150. The district court was instructed to reinstate these counts following remand. We stated, however, that this rationale did not encompass the firearms counts. As to those counts, we said that dismissal was proper, but held that the district court had failed to give the Government the requisite "forewarning ... that dismissal *with prejudice* will result from a failure to proceed to trial." *Id.* (emphasis added). We thus reversed the dismissal with prejudice and remanded to the district court "for further consideration of its dismissal of these counts in light of this opinion." *Id.* at 1151.

Upon remand, the defendants urged, and the district court subsequently held, that the firearms counts could not simply be reinstated. The Government then decided to obtain a new indictment from the grand jury, which it did on June 18, 1980. The new indictment re-charged Dennis Banks with being a felon in possession of firearms. It also re-charged all of the defendants with the original firearms count (although it substituted "receiving" for "transporting") and two of the original three destructive device counts. However, the new indictment also charged all of the defendants with two new destructive device counts relating to a different type of destructive device.[3] It also charged Ka-Mook Banks with an entirely new count of receiving firearms while under indictment for a felony, (Count VII).

It was this new indictment that prompted the motion to dismiss for vindictive prosecution which we consider here. Judge Redden granted the motion as to appellee Ka-Mook Banks, finding that the Government had failed to dispel the appearance of vindictiveness created by the addition of the new firearms count against her. He denied the motion as to the remaining defendants, finding that the new counts relating to the additional destructive device were "a product of independent judgment of subsequent prosecutors," a circumstance that he concluded dispelled the appearance of vindictiveness.

The Government appeals the dismissal of counts I through V of the indictment as to Ka-Mook Banks. Redner, Loud Hawk and Dennis Banks appeal the denial of their motion to dismiss the indictment as to them. The Government contends that the appearance of vindictiveness was dispelled in Ka-Mook Banks' case because the new indictment was the product of the independent judgment of subsequent prosecutors. The other defendants argue that there was an undispelled appearance of vindictiveness in their cases for the same reason as there was in the case of Ka-Mook Banks, and that

the new indictment should be dismissed as to them also.

## I

■ This court does not have jurisdiction under 28 U.S.C. § 1291 to review the district court's interlocutory order refusing to dismiss the indictment on the ground of vindictive prosecution. *United States v. Hollywood Motor Car Co.*, —— U.S. ——, 102 S.Ct. 3081, 73 L.Ed.2d 754 (1982) (per curiam). The appeals of Dennis Banks, Russ Redner, and Kenneth Moses Loud Hawk are dismissed.

## II

The district court dismissed all six counts in the indictment pertaining to Ka-Mook Banks because it found that the Government's action in adding an additional count (Count VII) against Ka-Mook Banks in the new indictment gave rise to the undispelled appearance of vindictiveness. The Government does not contest the dismissal of Count VII, but rather only the dismissal of the remaining counts in the indictment. The Government argues that when the appearance of vindictiveness results from the addition of a new count to a superseding indictment, the proper remedy is to dismiss only the added count and to leave the remaining counts intact. The Government therefore asks that we vacate the portion of the district court's order that dismisses Counts I through V as to Ka-Mook Banks and that those counts be ordered reinstated. We have jurisdiction over the Government's appeal pursuant to 18 U.S.C. § 3731, which provides that "[i]n a criminal case an appeal by the United States shall lie to a court of appeals from a[n] ... order of a district court dismissing an indictment ... as to any one or more counts ...."

The Government raises the question of the appropriate scope of the remedy for vindictive prosecution in a peculiar proce-

---

**3.** The destructive device which was the subject of the original indictment and which was recharged in the new indictment was described as containing an "electrical blasting cap," while the destructive device added in the new indictment was described as containing "150 Atlas non-electric blasting caps."

dural setting—a setting that makes it unnecessary for us to reach that troublesome and important question. At the time the district court dismissed the indictment as to Ka-Mook Banks, both the district court and the parties assumed that a pre-trial action of the prosecutor that increased the risk of punishment after the exercise of a right by the defendant gave rise, *ipso facto*, to an appearance of vindictiveness, and that dismissal of the indictment was required unless the prosecutor rebutted or dispelled that appearance.[4] After the Government had appealed, and the case had been argued, the Supreme Court held in *United States v. Goodwin*, —— U.S. ——, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982), that a presumption of vindictiveness was not warranted simply because, prior to an initial trial, the charge against a defendant was increased from a misdemeanor to a felony following the defendant's request for a jury trial.

In rejecting the defendant's argument that a presumption of vindictiveness was warranted whenever the Government had increased the risk of punishment after the defendant had exercised a procedural right, the Court in *Goodwin* emphasized that "[a] prosecutor should remain free *before trial* to exercise the broad discretion entrusted to him to determine the societal interest in prosecution. An initial decision should not freeze future conduct. . . . [T]he initial charges filed by a prosecutor may not reflect the extent to which an individual is legitimately subject to prosecution." *Id.* at ——, 102 S.Ct. at 2493 (emphasis added). The Court distinguished the two cases in which it had applied a presumption of vindictiveness, *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1968) and *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1972), on the ground that both "involved the defendant's exercise of a procedural right that caused a complete retrial." *Id.* —— U.S. at ——, 102 S.Ct. at 2490.

Although the Court in *Goodwin* refused to apply a presumption of vindictiveness to the pretrial actions of the prosecution in that case, the Court recognized "that a defendant in an appropriate case might objectively prove that the prosecutor's charging decision was motivated by a desire to punish him for doing something that the law plainly allowed him to do." *Id.* at ——, 102 S.Ct. at 2494. Following the Court's decision in *Goodwin*, we reversed an order dismissing an indictment on the ground of pretrial prosecutorial vindictiveness, *United States v. Gallegos-Curiel*, 681 F.2d 1164 (9th Cir. July 21, 1982), saying "there must be a threshold showing of vindictiveness or the likelihood of it before the court is justified in inquiring into the prosecutor's actual motives." *Id.* at 1169. We held that "an appearance of vindictiveness results only where, as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or a punitive animus towards the defendant because he has exercised his specific legal rights." *Id.* at 1169.

If, as in *Goodwin* and *Gallegos-Curiel*, there is not a reasonable likelihood of vindictiveness when the prosecutor decides to increase charges based on his review of the evidence prior to trial because he has "simply come to realize that information possessed by the State has a broader significance," *Goodwin*, —— U.S. at ——, 102 S.Ct. at 2493, there is even less likelihood of vindictiveness when the prosecutor is required by court order to obtain a new indictment. In the latter case the prosecutor will *necessarily* have to review the evidence and reconsider what charges to present to the grand jury.

■ In this case the prosecutor clearly had a legitimate reason to reconsider the scope and content of the new pretrial indictment. Long after the original indictment was obtained, but before any trial had been held, the Government was compelled

---

4. The court and the parties properly relied on the law of this circuit as it stood at the time. *See, e.g., United States v. Burt*, 619 F.2d 831 (9th Cir. 1980); *United States v. Griffin*, 617 F.2d 1342 (9th Cir.), *cert. denied*, 449 U.S. 863, 101 S.Ct. 167, 66 L.Ed.2d 80 (1980).

by court order to obtain a new indictment and to present witnesses and evidence to a new grand jury. Under these circumstances, we cannot say that there is a "realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or punitive animus towards the defendant . . . ." *Gallegos-Curiel*, at 1169.

We are aware that there have been many hotly contested disagreements between the parties during the lengthy proceedings that have marked the Government's thus far unsuccessful efforts to bring this case to trial. However, our conclusion that the "reasonable likelihood" requirement was not met is buttressed by some of the findings made by the district court at the time of the vindictive prosecution hearing. The district court specifically said "there is no evidence that the Government's action was vindictive *in fact* . . . nor did I find that the Government acted with a malicious or retaliatory motive." Amended Order, August 12, 1980 (emphasis in original). In light of the holdings in *Goodwin* and *Gallegos-Curiel* and the statements of the district court, we conclude, with the benefit of hindsight, that the dismissal of the indictment as to Ka-Mook Banks was erroneous.

As noted above, the Government does not contest the portion of the district court's order dismissing Count VII; rather, the Government asks only that we order Counts I through V reinstated. That portion of the order dismissing Counts I through V as to Ka-Mook Banks is vacated and Counts I through V are hereby ordered reinstated.

Order REVERSED IN PART as to Ka-Mook Banks; appeals of Dennis Banks, Redner, and Loud Hawk are DISMISSED for lack of jurisdiction.