832 P.2d 700

**STATE of Arizona, Appellant,**

v.

**Roland Nez TSOSIE, Appellee.**

**No. 1 CA–CR 89–1608.**

Court of Appeals of Arizona,
Division One,
Department A.

June 2, 1992.

John Verkamp, Coconino Co. Atty. by David R. Penilla and Michael J. Hruby, Deputy Co. Attys., Flagstaff, for appellant.

John H. Grace, Coconino County Public Defender by Lee Brooke Phillips, Deputy Public Defender, Flagstaff, for Appellee.

## OPINION

CONTRERAS, Judge.

■ The state has appealed from the trial court's dismissal of a two-count indictment against appellee (defendant) Roland Nez Tsosie upon a finding of prosecutorial vindictiveness. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 13–4032(1). Two issues are raised on appeal: (1) whether the trial court properly applied a presumption of vindictiveness; and (2) if so, whether the trial court acted within its discretion in dismissing the entire indictment as a sanction.

### I. FACTS[1]

Defendant was arrested on December 10, 1988, following a fight at a Flagstaff bar. As a result of this arrest, he was charged by complaint and information in Coconino County Superior Court cause number 14448–88 with one count of resisting arrest, a class 6 felony.

At the time of defendant's arrest, he was also wanted on warrants issued in connection with two other Coconino County Superior Court cases. In one of these, cause number 14331–88, defendant had also been charged with resisting arrest; in the other, a petition to revoke his probation had been filed.[2]

Cause number 14331–88 went to trial on April 18, 1989. The prosecutor was David Penilla of the Coconino County Attorney's Office. The trial ended when the trial court granted defendant's motion for a judgment of acquittal.

The prosecutor in cause number 14448–88 was Michael Hruby, also of the Coconino County Attorney's Office. On May 12,

---

1. The facts are taken from defendant's answering brief, as we have not been provided a complete record of the grand jury testimony and related proceedings below. Where matters are not included in the record on appeal, the missing portions of the record will be presumed to support the action of the trial court. *E.g., State*

*v. Brooks,* 107 Ariz. 364, 489 P.2d 1 (1971). We also note that the state does not contest these facts.

2. The superior court cause number of the case in which defendant was on probation does not appear in the briefs or in the record on appeal.

1989, defendant succeeded in having that case dismissed, without prejudice, for a violation of his right to a speedy trial under Rule 8, Arizona Rules of Criminal Procedure. Defendant remained in custody in connection with the petition to revoke his probation.

On June 22, 1989, the trial court granted defendant's request for a furlough pending disposition of the revocation proceedings. That same day, Deputy County Attorneys Penilla and Hruby, both of whom had appeared for the state to oppose defendant's furlough request, appeared before the grand jury to seek an indictment against him in connection with the events of December 10, 1988. This time, however, in addition to the charge of resisting arrest, Hruby and Penilla presented the grand jury with a charge of aggravated assault arising out of the same incident. The grand jury indicted defendant on both class 6 felonies in cause number 14883–89. These are the charges that were later dismissed on grounds of prosecutorial vindictiveness and are now the subject of this appeal.

## II. DISCUSSION

### A. Presumption of Vindictiveness

█ It is within the sound discretion of the prosecutor to determine whether to file criminal charges and which charges to file. *E.g. State v. Hankins,* 141 Ariz. 217, 686 P.2d 740 (1984). Nevertheless, despite the broad latitude traditionally afforded prosecutors in this regard, constitutional guarantees [3] of due process protect criminal defendants against prosecutorial action taken to penalize them for invoking legally protected rights. *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974).

█ A defendant may demonstrate such prosecutorial vindictiveness by proving "objectively that the prosecutor's charging decision was motivated by a desire to punish him for doing something that the law plainly allowed him to do." *United States v. Goodwin,* 457 U.S. 368, 384, 102 S.Ct. 2485, 2494, 73 L.Ed.2d 74 (1982). However, because the courts have recognized that a showing of actual vindictiveness is "exceedingly difficult to make," a defendant in some circumstances may rely on a presumption of vindictiveness. *United States v. Meyer,* 810 F.2d 1242, 1245 (D.C.Cir.), *opinion vacated,* 816 F.2d 695, *reinstated,* 824 F.2d 1240 (1987). That presumption arises when a defendant presents facts that indicate "a realistic likelihood of 'vindictiveness.'" *Meyer,* 810 F.2d at 1245, citing *Blackledge.*

█ Thus, in a claim of vindictive prosecution, the defendant bears the initial burden of establishing the appearance of vindictiveness. *United States v. Heldt,* 745 F.2d 1275 (9th Cir.1984). Thereafter, the burden shifts to the prosecution to show that the decision to prosecute was justified. *Id.*

In *Blackledge,* the defendant was originally charged with a misdemeanor and convicted in a court that had exclusive jurisdiction for the trial of misdemeanors. When he filed a notice of appeal for a trial *de novo* in superior court, he was charged with a felony based on the same conduct. The Supreme Court found that the circumstances posed a realistic likelihood of vindictiveness:

A prosecutor clearly has a considerable stake in discouraging convicted misdemeanants from appealing and thus obtaining a trial *de novo* in the Superior Court, since such an appeal will clearly require increased expenditures of prosecutorial resources before the defendant's conviction becomes final, and may even result in a formerly convicted defendant's going free. And, if the prosecutor has the means readily at hand to discourage such appeals—by "upping the ante"

---

**3.** Nothing in the briefs or the trial court pleadings indicates whether defendant's argument is based upon the United States Constitution or the Arizona Constitution. Because we conclude that the former protected defendant under the circumstances of this case, we need not con-

sidered whether the latter would afford him greater protection. *Cf. State v. Herrera–Rodriguez,* 164 Ariz. 49, 790 P.2d 747 (App.1989) (similar language in due process clauses suggests a similar standard), *review granted* (Ariz.Sup.Ct. May 24, 1990).

through a felony indictment whenever a convicted misdemeanant pursues his statutory appellate remedy—the State can insure that only the most hardy defendants will brave the hazards of a *de novo* trial.

417 U.S. at 27–28, 94 S.Ct. at 2102. Despite the lack of evidence that the prosecutor had acted maliciously or in bad faith, the Court concluded that the likelihood of vindictiveness justified a presumption that would allow defendants to pursue their statutory rights without apprehension that the state would retaliate by substituting a more serious charge. *Id.* at 28, 94 S.Ct. at 2102.

In *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), the Court considered whether the due process clause was violated when a prosecutor carried out a threat made during plea negotiations to reindict the accused on more serious charges if he refused to plead guilty to the offense with which he was originally charged. The Court concluded that the danger of retaliation does not exist in a plea bargain setting when the accused is fully informed of the terms of the offer and is free to accept or reject it. *Id.* at 363, 98 S.Ct. at 667. Accordingly, the court refused to apply the presumption of vindictiveness.

In *Goodwin,* the Court again refused to apply a presumption of vindictiveness to the pretrial actions of the prosecution. In that case, the defendant had initially expressed an interest in plea bargaining on misdemeanor charges, but subsequently decided not to plead guilty and requested a jury trial. While the misdemeanor charges were still pending, the defendant was indicted and convicted in Federal District Court on a felony charge arising out of the same incident as the misdemeanor charges. The United States Court of Appeals for the Fourth Circuit, believing that the sequence of events gave rise to an impermissible appearance of prosecutorial retaliation against the defendant's exercise of his right to a jury trial, reversed the felony conviction. 637 F.2d 250 (4th Cir.1981).

The Supreme Court disagreed, stating:

There is good reason to be cautious before adopting an inflexible presumption of prosecutorial vindictiveness in a pretrial setting. In the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that the information possessed by the State has a broader significance. At this stage of the proceedings, the prosecutor's assessment of the proper extent of prosecution may not have crystallized. In contrast, once a trial begins—and certainly by the time a conviction has been obtained—it is much more likely that the State has discovered and assessed all of the information against an accused and has made a determination, on the basis of that information, of the extent to which he should be prosecuted. Thus, a change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision.

457 U.S. at 381, 102 S.Ct. at 2492–93. Observing that a defendant is expected to invoke certain procedural rights prior to trial and that defense counsel routinely file pretrial motions that inevitably impose some burden on the prosecutor, the Court found it unrealistic to assume that a prosecutor's probable response to such motions would be to seek to penalize and deter. *Id.* Given the timing of the action and the nature of the right asserted in *Goodwin,* the Court concluded that no presumption of vindictiveness was warranted. *Id.*

In the present case, the state cites *Goodwin* to support its position that in a pretrial setting, no presumption of vindictiveness exists; the defendant must prove actual vindictiveness. This argument was specifically rejected in *Meyer:*

The Supreme Court in *Goodwin* declined to adopt a *per se* rule applicable in the pretrial context that a presumption will lie whenever the prosecutor "ups the ante" following a defendant's exercise of a legal right. But the Court also declined to adopt a *per se* rule that in the pretrial context no presumption of vindic-

tiveness will ever lie. The lesson of *Goodwin* is that proof of a prosecutorial decision to increase charges after a defendant has exercised a legal right does not alone give rise to a presumption in the pretrial context. The rationale supporting the Court's teaching is that this sequence of events, taken by itself, does not present a "realistic likelihood of vindictiveness." But when additional facts combine with this sequence of events to create such a realistic likelihood, the presumption will lie in the pretrial context.

810 F.2d at 1246 (citations omitted). Courts of other jurisdictions, including the Arizona Supreme Court, have adopted this "totality of the circumstances" test. *See State v. Noriega,* 142 Ariz. 474, 486, 690 P.2d 775, 787 (1984) (presumption of prosecutorial vindictiveness applies if there is a realistic likelihood of vindictiveness in the decision to reindict a criminal defendant); *United States v. Heldt,* 745 F.2d 1275, 1280 (9th Cir.1984) (mere appearance of vindictiveness gives rise to a presumption of vindictive motive); *United States v. Krezdorn,* 718 F.2d 1360, 1364–65 (5th Cir.1983), *cert. denied,* 465 U.S. 1066, 104 S.Ct. 1416, 79 L.Ed.2d 742 (1984) (in measuring cases alleging vindictiveness, proper solution is not to be found by classifying prosecutorial decisions as being made pre- or post-trial); *United States v. Gallegos–Curiel,* 681 F.2d 1164, 1168 (9th Cir.1982) (to establish a claim of vindictive prosecution, the defendant must make an initial showing that charges of increased severity were filed because the accused exercised a statutory, procedural, or constitutional right in circumstances that give rise to an appearance of vindictiveness).

█ We agree with the *Meyer* court that the critical question in a pretrial setting is whether the defendant has shown "that all of the circumstances, when taken together, support a realistic likelihood of vindictiveness and therefore give rise to a presumption." 810 F.2d at 1246. With that standard in mind, we conclude that the circum-

stances of the present case give rise to a presumption of vindictiveness.

█ As noted above, the charge against defendant in cause number 14448–88 was pending when he succeeded in obtaining a judgment of acquittal in cause number 14331–88. Defendant then successfully invoked his right to a speedy trial in cause number 14448–88, which resulted in a dismissal without prejudice. Although the state argues that no reasonable likelihood of vindictiveness exists where the prosecutor is required by court order to obtain a new indictment,[4] this argument ignores the additional circumstances that defendant has presented.

After the dismissal in cause number 14448–88, defendant remained in custody for over a month pending determination of the petition to revoke his probation. Despite opposition from prosecutors Hruby and Penilla, defendant was granted a furlough pending the outcome of probation violation proceedings. That same day, both prosecutors appeared before the grand jury, presenting the original charge of resisting arrest and the additional charge of aggravated assault. The evidence that they presented to the grand jury in support of these two charges was identical to the evidence that had previously formed the basis for the single charge of resisting arrest in the original complaint.

It is of no moment that Penilla, rather than Hruby, presented the evidence to the grand jury and continued to prosecute the case. The United States Supreme Court has specifically rejected the argument that reindictment by a different prosecutor can overcome the presumption of vindictiveness. *Thigpen v. Roberts,* 468 U.S. 27, 104 S.Ct. 2916, 82 L.Ed.2d 23 (1984) (presumption of vindictiveness does not hinge on the continued involvement of a particular individual). Moreover, considering defendant's success in obtaining a directed verdict in the case that Penilla prosecuted and Penilla's involvement in the state's unsuccessful effort to prevent defendant's release, Penilla's motives were as suspect as Hruby's.

---

**4.** *See United States v. Brooklier,* 685 F.2d 1208 (9th Cir.1982), *cert. denied,* 459 U.S. 1206, 103 S.Ct. 1194, 1195, 75 L.Ed.2d 439 (1983); *United* *States v. Banks,* 682 F.2d 841 (9th Cir.1982), *cert. denied,* 459 U.S. 1117, 103 S.Ct. 755, 74 L.Ed.2d 972 (1983).

We conclude that this set of circumstances "provides no objective indication that would allay a reasonable apprehension by the defendant that the more serious charge was vindictive." *See Krezdorn,* 718 F.2d at 1365. Accordingly, the trial court was correct in applying a presumption of vindictiveness.[5]

The trial court subsequently found that the state had not presented facts sufficient to overcome this presumption. On appeal, we will defer to the trial court's factual determinations unless they are clearly erroneous. *E.g., Hovey v. Superior Court,* 165 Ariz. 278, 798 P.2d 416 (App.1990). In any event, it appears in this case that the state, having chosen to rely exclusively upon its argument that no presumption of vindictiveness existed, made no effort at all to establish that its reasons were "other than to punish a pesky defendant for exercising his legal rights." *See Hardwick v. Doolittle,* 558 F.2d 292 (5th Cir.1977), *cert. denied,* 434 U.S. 1049, 98 S.Ct. 897, 54 L.Ed.2d 801 (1978). We find no error.

#### B. Remedy

■ Finally, the state contends that the trial court abused its discretion in dismissing not only the aggravated assault charge, which was allegedly vindictive, but also the charge of resisting arrest, which was not. Again, this argument was specifically rejected in *Meyer:*

> If in cases of vindictive prosecution the trial court judge may only dismiss the additional charge, the prosecutor will have nothing to lose by acting vindictively. The government's position, if accepted, would remove the deterrent effect of the doctrine of prosecutorial vindictiveness—a doctrine which the supreme court *designed* to be largely prophylactic in nature, *see Blackledge,* 417 U.S. at 26, 94 S.Ct. at 2101. We will not countenance the government's attempt to so vitiate the prohibition against prosecutorial vindictiveness.

810 F.2d at 1249 (emphasis in original). We will reverse the trial court's order only if it constitutes an abuse of discretion. *Id.*

*See also, e.g., State v. Burrus,* 151 Ariz. 572, 729 P.2d 926 (App.1986) (determination of pretrial motions rests within sound discretion of trial judge and will not be disturbed on appeal absent a clear abuse of discretion). We find no abuse of discretion in the trial court's decision to dismiss both counts of the indictment.

The trial court's order dismissing the indictment is affirmed.

EHRLICH, P.J., and HAIRE, J., concur.

Note: The Honorable Levi Ray Haire, a retired Judge of the Arizona Court of Appeals, was authorized to participate in this appeal by order of the Chief Justice of the Arizona Supreme Court pursuant to Article 6, section 20, of the Arizona Constitution and A.R.S. section 38–813.

---

5. We recognize that the trial court erred in failing to apply a totality of the circumstances test, determining instead that the assertion of defendant's Rule 8 rights alone was sufficient to raise a presumption of vindictiveness. We find this error to be harmless, however, because under the *appropriate standard,* it would have been clear error to *fail* to apply the presumption.