950 P.2d 164

STATE of Arizona, Appellant,

v.

Robert Walter BRUN, Appellee.

No. 1 CA–CR 97–0056.

Court of Appeals of Arizona,
Division 1, Department C.

Dec. 11, 1997.

Richard M. Romley Maricopa County Attorney by Diane E.W. Gunnels, Deputy County Attorney, Phoenix, for Appellant.

Richard D. Gierloff, Phoenix, for Appellee.

NOYES, Judge.

After he was charged with a misdemeanor, Defendant filed a demand for jury trial and a motion to suppress his statements. While the motion was pending, the State obtained dismissal of the misdemeanor and re-filed the case as a felony. Defendant then moved to dismiss the felony charge on grounds of presumed prosecutorial vindictiveness. The trial court granted the motion and the State appealed. Because we conclude that the facts show no reasonable likelihood of prosecutorial vindictiveness, we reverse the dismissal and remand for reinstatement of the felony charge.

I.

During a July 1995 traffic stop, Defendant was arrested for driving under the influence

of intoxicating liquor ("DUI") and driving on a revoked license. At the time of the stop, police learned from a computer check and from Defendant himself that Defendant had an Illinois driver's license, and that it was revoked because of two prior DUI convictions. It thus appears that the State knew when Defendant was arrested that he could be charged with aggravated DUI; namely, DUI on a revoked license, a class 4 felony in violation of Arizona Revised Statutes Annotated ("A.R.S.") section 28–697 (Supp.1997). The complaint filed by the officer, however, charged only DUI in violation of A.R.S. section 28–692 (Supp.1997), a class 1 misdemeanor.

Defendant filed a demand for jury trial and a motion to suppress his statements. Two months later, while the motion was pending, the State moved to dismiss the misdemeanor charge, stating: "Police reports indicate that the Defendant was driving with a revoked license, ... making this DUI a felony. The State intends to re-file this matter as an Aggravated DUI upon receipt of the requisite records from Illinois consistent with County Attorney Policy." The motion was granted. After the State filed the felony DUI charge, Defendant moved to dismiss for prosecutorial vindictiveness. The court granted the motion, and the State appealed. We have jurisdiction pursuant to the Arizona Constitution, article 6, section 9 and A.R.S. sections 12–120.21(A)(1) (1992), 13–4031 (1989), and 13–4033(A)(1) (Supp.1997).

## II.

■ The trial court's disposition of a claim of prosecutorial vindictiveness is reviewed for abuse of discretion. *United States v. Gallegos–Curiel*, 681 F.2d 1164, 1171 (9th Cir. 1982).

■ "Prosecutorial vindictiveness" occurs when the government retaliates against a defendant for exercising a constitutional or statutory right. *United States v. Meyer*, 810 F.2d 1242, 1245 (D.C.Cir.1987). "To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, and for an agent of the State to pursue a course of action whose objective is to penalize a per-

son's reliance on his legal rights is 'patently unconstitutional.'" *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978) (citations omitted).

■ A defendant may prove prosecutorial vindictiveness by "proving 'objectively that the prosecutor's charging decision was motivated by a desire to punish him for doing something that the law plainly allowed him to do.'" *State v. Tsosie*, 171 Ariz. 683, 685, 832 P.2d 700, 702 (App.1992) (quoting *United States v. Goodwin*, 457 U.S. 368, 384, 102 S.Ct. 2485, 2494, 73 L.Ed.2d 74 (1982)). Because actual vindictiveness is difficult to prove, "a defendant in some circumstances may rely on a presumption of vindictiveness." *Id.* at 685, 832 P.2d at 702 (citing *Blackledge v. Perry*, 417 U.S. 21, 27–28, 94 S.Ct. 2098, 2102, 40 L.Ed.2d 628 (1974)); *see also Meyer*, 810 F.2d at 1245.

In this case Defendant did not allege or prove actual vindictiveness; rather, he relied on a presumption of vindictiveness. The trial court agreed and found that the facts "support or indicate a realistic likelihood of vindictiveness without the Defendant having to actually prove vindictiveness."

The State argues that the court erred in presuming vindictiveness because, according to *Goodwin*, no such presumption exists in the pretrial setting. In *Goodwin*, defendant was charged with misdemeanors, and after unsuccessful plea negotiations, he pled not guilty and requested a jury trial. 457 U.S. at 368, 370, 102 S.Ct. at 2486, 2487. The State then indicted and convicted defendant on a felony charge based on the same incident as the misdemeanors. *Id.* Defendant appealed on grounds of presumed prosecutorial vindictiveness. In rejecting the claim, the Supreme Court stated:

There is good reason to be cautious before adopting an inflexible presumption of prosecutorial vindictiveness in a pretrial setting. In the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that information possessed by the State has a broader significance. At this stage of the proceedings, the prosecu-

tor's assessment of the proper extent of prosecution may not have crystallized.

*Id.* at 381, 102 S.Ct. at 2492–93.

■ Although *Goodwin* warned courts to exercise caution in finding a presumption of vindictiveness in pretrial settings, it did not preclude such a finding and, to the extent that the State argues otherwise, the State misconstrues *Goodwin.* As *Meyer* explained,

> The Supreme Court in *Goodwin* declined to adopt a *per se* rule applicable in the pretrial context that a presumption will lie whenever the prosecutor "ups the ante" following a defendant's exercise of a legal right. But the Court also declined to adopt a *per se* rule that in the pretrial context no presumption of vindictiveness will ever lie. The lesson of *Goodwin* is that proof of a prosecutorial decision to increase charges after a defendant has exercised a legal right does not alone give rise to a presumption in the pretrial context. The rationale supporting the Court's teaching is that this sequence of events, taken by itself, does not present a "realistic likelihood of vindictiveness." But when additional facts combine with this sequence of events to create such a realistic likelihood, a presumption will lie in the pretrial context.

810 F.2d at 1246 (citations omitted).

In explaining why pretrial charging decisions are less likely to be improperly motivated than those made after trial, the *Goodwin* Court reasoned as follows:

> [A] defendant before trial is expected to invoke procedural rights that inevitably impose some "burden" on the prosecutor. Defense counsel routinely file pretrial motions to suppress evidence ... [and] to be tried by jury. It is unrealistic to assume that a prosecutor's probable response to such motions is to seek to penalize and to deter. The invocation of procedural rights is an integral part of the adversary process in which our criminal justice system operates.

457 U.S. at 381, 102 S.Ct. at 2493.

■ Applying the *Goodwin* analysis here, we find in this record no "additional facts" to justify a presumption of vindictiveness. De-

fendant filed a routine motion to suppress statements and a demand for jury trial. It is unrealistic to presume that these assertions prompted retaliation by the State. Although the prosecutor appears to have been less than diligent in obtaining the Illinois records necessary to support the felony charge, nothing the State did or did not do realistically suggests a likelihood that it filed a felony charge in retaliation for Defendant's routine assertion of procedural rights.

Defendant argues that the controlling case is *State v. Hinton,* 123 Ariz. 575, 601 P.2d 338 (App.1979), a case which predates *Goodwin* and which we distinguish for that reason. Relying on the line of federal cases beginning with *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), *Hinton* held that the "appropriateness" of increasing charges following a defendant's assertion of constitutional rights is measured by an objective standard; namely, "whether a change in circumstances justifies filing the higher charge." 123 Ariz. at 577, 601 P.2d at 340. The trial court here applied the *Hinton* standard and found as follows:

> [T]here was sufficient information in the possession of the State back in 1995 to support the State filing the felony aggravated DUI, and the representation by State's counsel at argument that the State needed to send away for the certified copies of the Illinois driving record ... is not in and of itself a sufficient change in circumstances to warrant the State's filing of a higher charge.... The later receipt [of the driving record] some time after July 1996 ... does not provide sufficient changes in circumstances....

Our review of federal cases that have issued since *Hinton* on this subject, in particular the *Goodwin* case, leads us to conclude that the federal standard is now more tolerant of a prosecutor's pretrial decision to increase a charge than it was when *Hinton* was decided. Just as the *Hinton* court followed federal law on this issue, so do we. The Supreme Court has been setting the standard on presumed prosecutorial vindictiveness, Arizona has been following that

508

standard, and that standard has changed somewhat since *Hinton* was decided. We therefore update the Arizona standard by adopting the one articulated in *Goodwin*. Such revision was implicitly done in *Tsosie*, which did not discuss *Hinton* but did discuss numerous federal cases and did apply the "realistic likelihood of vindictiveness" standard articulated in *Goodwin* and explained in *Meyer*. *Tsosie*, 171 Ariz. at 687, 832 P.2d at 704.

We hold that *Goodwin* articulates the applicable standard for evaluating an allegation of prosecutorial vindictiveness in the pretrial setting. We conclude that the *Goodwin* standard cannot be met by any reasonable view of the facts presented.

The dismissal of the felony charge is reversed, and the matter is remanded for reinstatement of that charge.

LANKFORD, P.J., and GARBARINO, J., concur.