NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHARLES WILSON COFFELT, *Appellant.*

No. 1 CA-CR 17-0303
FILED 6-14-2018

Appeal from the Superior Court in Mohave County
No. S8015CR201500452
The Honorable Steven F. Conn, Judge (Retired)

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Elizabeth B. N. Garcia
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Jennifer B. Campbell joined.

---

**B E E N E**, Judge:

**¶1**         Charles Wilson Coffelt ("Coffelt") appeals his sentences for possession of methamphetamine for sale, possession of drug paraphernalia, and possession of marijuana.[1]  He claims the superior court vindictively considered a harsher range of sentences at resentencing and the prosecutor vindictively recommended a more severe sentence after his successful appeal.  For the following reasons, we affirm.

### FACTS[2] AND PROCEDURAL HISTORY

**¶2**         In 2016, a jury convicted Coffelt of possession of methamphetamine for sale.  The State proved Coffelt had two prior felony convictions on the same occasion, one of which the superior court determined to be a historical prior. At the initial sentencing hearing, the State did not recommend sentencing Coffelt under the methamphetamine sentencing statute, Arizona Revised Statutes ("A.R.S.") section 13-3407(E). Instead, the State argued Coffelt should be sentenced under the repetitive offender sentencing statute, A.R.S. § 13-703(B), to the presumptive term of 9.25 years in prison.  The court sentenced him as a category-two repetitive offender to the slightly mitigated term of 9 years.

**¶3**         Coffelt appealed, and we vacated his sentence.  *State v. Coffelt*, 1 CA-CR 16-0272, 2017 WL 1031138, at * 1, ¶ 1 (Ariz. App. Mar. 16, 2017) (mem. decision).  We found that Coffelt did not have a historical prior, thus,

---

[1]      Regarding the drug paraphernalia and marijuana sentences, the superior court sentenced Coffelt to 9 months in prison for each count to run concurrently, with 436 days of incarceration credit for each sentence. Because Coffelt has already served the entirety of both sentences, the propriety of those sentences are moot questions.  *See State v. Hartford*, 145 Ariz. 403, 405 (App. 1985).

[2]      We view the facts in a light most favorable to upholding the superior court's actions.  *State v. Rowe*, 116 Ariz. 283, 284 (1977).

the superior court could not sentence him as a category-two offender. *Id*. at
* 3, ¶ 11. At resentencing, the State, for the first time, pursued a sentence
under the methamphetamine statute, § 13-3407(E). A sentence under this
statute ranged from 5 to 15 years imprisonment without the possibility of
earning early release credit. The State recommended the presumptive 10-
year sentence, but the court sentenced Coffelt to a mitigated term of 7.5
years in prison.

¶4        Coffelt timely appealed. We have jurisdiction pursuant to
Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12-
120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶5        Coffelt first argues the superior court violated due process
and the Arizona Rules of Criminal Procedure by vindictively considering a
harsher range of sentences after his appeal. He also argues the State
violated due process by vindictively recommending a more severe sentence
after his appeal. We review claims of vindictiveness for an abuse of
discretion. *State v. Brun*, 190 Ariz. 505, 506 (App. 1997).

### I.     Judicial Vindictiveness

¶6        Due process prohibits courts from vindictively sentencing
defendants to lengthier terms after seeking a successful appeal. *North
Carolina v. Pearce*, 395 U.S. 711, 725 (1969), *overruled in part by Alabama v.
Smith*, 490 U.S. 794 (1989). The Arizona Rules of Criminal Procedure also
shield a defendant from the court vindictively imposing a harsher sentence
after appeal. Ariz. R. Crim. P. 26.14. Here, the court did not impose a
lengthier sentence. Coffelt was initially sentenced as a repetitive offender
to 9 years of "soft-time,"[3] meaning he would have actually served 7.65
years. The court, explicitly intending not to punish Coffelt for his appeal,
sentenced him to 7.5 calendar[4] years. Because Coffelt did not receive a

---

[3]      An offender sentenced pursuant to the repetitive offender
sentencing statute may be released after serving approximately 85% of his
sentence. *See* Ariz. Rev. Stat. § 13-703(O); Ariz. Rev. Stat. § 41-1604.07(A).

[4]      The methamphetamine sentencing statute requires sentences to be
served in calendar years. *See* Ariz. Rev. Stat. § 13-3407(E). A calendar year
means 365 days actual time without the possibility of release. Ariz. Rev.
Stat. § 13-105(4).

harsher sentence, the court did not violate his due process rights at resentencing.

## II.    Prosecutorial Vindictiveness

¶7      Due process also protects defendants from vindictiveness at the hands of the State. *Blackledge v. Perry*, 417 U.S. 21, 28-29 (1974). A defendant may establish prosecutorial vindictiveness by showing, with objective evidence, the prosecutor intended to punish him for exercising his right. *State v. Tsosie*, 171 Ariz. 683, 685 (App. 1992). Because actual vindictiveness is difficult to prove, defendants may also rely on the presumption of vindictiveness. *Id.* (internal citation omitted). The presumption arises when the facts demonstrate "a realistic likelihood of vindictiveness." *Id.* (internal quotations and citation omitted). The State may rebut the presumption with "objective information . . . justifying the increased sentence." *United States v. Goodwin*, 457 U.S. 368, 374 (1982).

¶8      At the first sentencing, the superior court asked the State if it wanted to opt out of the methamphetamine sentencing statute and recommend sentencing Coffelt as a repetitive offender. The prosecutor answered affirmatively and recommended Coffelt serve 9.25 years of soft-time, meaning he could serve approximately 7.85 years.

¶9      After Coffelt's successful appeal, the State sought a sentence under the methamphetamine sentencing statute and argued for the presumptive 10-year term in prison. The court stated, "if we are no longer alleging a prior conviction, I don't see how you get around the fact that if you possess methamphetamine for sale, it's subject to the methamphetamine sentencing statute." In response, defense counsel equivocated, stating, "I think there's an issue that, essentially now, that they would be trying to punish him for basically being successful on appeal and basically get close to the vindictive prosecution type of argument that could possibly be made."

¶10     Assuming without deciding that Coffelt's objection to the State's request for a lengthier sentence under the methamphetamine statute was properly raised and preserved for appeal, a presumption of vindictiveness arose when the State recommended Coffelt be sentenced to more time in prison without providing objective reasons. *See Tsosie*, 171 Ariz. at 685; *Goodwin*, 457 U.S. at 374. Typically, at this point the burden would shift to the State to offer a justification for its new position. The State did not offer justification. But here the court rejected the State's request and imposed a sentence of 7.5 years. This new sentence was not only lawful

under the methamphetamine sentencing statute, but also netted Coffelt *less* prison time than his original sentence. Because Coffelt received no net increase in his resulting sentence, we need not engage in the analysis of prosecutorial vindictiveness. *See, e.g., United States v. Kinsey*, 994 F.2d 699, 701-02 (9th Cir. 1993) (finding state's correction of illegal sentence based on defendant's appeal that resulted in no net increase in sentence "does not suggest a vengeful or retaliatory motive, as connoted by vindictive prosecution."). There is no due process violation by the court's failure to hold the State to its burden to justify its new sentencing recommendation because the court did not impose the State's request, and the sentence ultimately imposed was lawful. *See State v. Thomas*, 142 Ariz. 201, 204 (App. 1984) (resentencing once original sentence vacated was "sentencing anew" and, in absence of constitutional prohibitions, trial court was free to impose any sentence legally allowed). Because Coffelt received a more lenient sentence at his resentencing, he cannot show that he was punished for exercising his right to appeal and consequently has failed to show a violation of his due process rights.

## CONCLUSION

¶11        For the foregoing reasons, we affirm Coffelt's sentence for possession of methamphetamine for sale.



AMY M. WOOD • Clerk of the Court
FILED:  AA