NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

SEANTAIN LEROY COOK, *Petitioner*.

No. 1 CA-CR 24-0662 PRPC

FILED 03-16-2026

---

Petition for Review from the Superior Court in Maricopa County
Nos. CR2021-002141-001
CR2021-001928-001
CR2021-001949-001

The Honorable Laura Johnson Giaquinto, Commissioner

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Respondent*

Seantain Leroy Cook, Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Michael S. Catlett delivered the decision of the Court, in which Judge Angela K. Paton and Judge Jennifer M. Perkins joined.

---

C A T L E T T, Judge:

¶1 Seantain Leroy Cook ("Cook") petitions for review from the superior court's dismissal of his petitions for post-conviction relief ("PCRs") filed under Arizona Rules of Criminal Procedure ("Rules") 32 and 33. Because the superior court did not abuse its discretion in dismissing Cook's PCRs, we grant review but deny relief. We also deny Cook's motions to modify his sentences.

## FACTS AND PROCEDURAL HISTORY

¶2 In 2021, the State charged Cook with aggravated DUI in three cases. In case one, a grand jury indicted Cook on two counts of aggravated DUI committed on November 15, 2020. In case two, a grand jury indicted Cook on two counts of aggravated DUI committed on January 16, 2021. In case three, a grand jury indicted Cook on two counts of aggravated DUI committed on March 6, 2021. Pretrial proceedings in all three cases largely overlapped. In March 2022, Cook pleaded guilty to an amended charge of misdemeanor DUI in case one ("the plea case"). In April 2022, Cook was found guilty as charged after separate jury trials in cases two and three ("the trial cases"). The superior court sentenced Cook as a category 3 repetitive offender to concurrent terms of 12 years' imprisonment in the trial cases. The court suspended sentence in the plea case and imposed three years' probation, beginning upon Cook's release from prison in the trial cases.

¶3 Cook filed delayed notices of appeal in the trial cases. This court affirmed the convictions but remanded for resentencing because the superior court imposed greater-than-presumptive terms without findings to support aggravation. *State v. Cook*, 2025 WL 2083128, at *3 ¶¶ 21–24 (Ariz. App. July 24, 2025) (mem. decision). The Arizona Supreme Court denied Cook's petition for review, and the mandate issued on February 9, 2026.

¶4        Cook petitioned for post-conviction relief in the plea and trial cases before filing his delayed direct appeal.  The petitions in the trial cases were identical and largely addressed the same issues as the petition in the plea case.  The superior court summarily denied all three petitions in a single ruling.

¶5        Cook petitioned for review.  We grant review under A.R.S. § 13-4239(G).

## DISCUSSION

¶6        Cook's petition for review is mostly illegible and difficult to understand.  Viewed together with his PCRs, and giving Cook the benefit of the doubt, we think he raises the following claims: (1) speedy trial violations; (2) attorney conflict of interest; (3) delayed grant of his waiver of counsel; (4) denial of the right to be present at a critical proceeding; (5) vindictive prosecution; (6) involuntary plea; (7) use of invalid prior convictions to enhance his sentences; (8) unlawful aggravation of his sentences; and (9) insufficient presentence incarceration credit awarded.

¶7        Cook raised some of these issues on direct appeal in the trial cases.  *See Cook*, 2025 WL 2083128, at *1 ¶ 6.  Because Cook's claims of speedy trial violations, attorney conflict of interest, and unlawful aggravation were finally adjudicated on the merits in his direct appeal, those claims in his PCRs in the trial cases are no longer reviewable.  *See id.* at *1–4 ¶¶ 7–11, 21–23; Ariz. R. Crim. P. 32.2(a)(2).

¶8        This leaves the following claims for us to resolve: in both the trial and plea cases—the denial of Cook's right to be present at a critical proceeding, vindictive prosecution, and delay in granting his motion to waive counsel; in the trial cases only—whether his sentences were improperly enhanced and incorrectly credited for presentence incarceration; and in the plea case only—the voluntariness of the plea, an alleged speedy trial violation, and attorney conflict of interest.

¶9        We review the superior court's summary denial of Cook's PCR for an abuse of discretion.  *State v. Anderson*, 257 Ariz. 226, 230 ¶ 13 (2024).  "An abuse of discretion occurs if the PCR court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Pandeli*, 242 Ariz. 175, 180 ¶ 4 (2017).  We review legal conclusions de novo.  *Naranjo v. Sukenic*, 254 Ariz. 467, 472 ¶ 17 (2023).  Summary dismissal is required when a PCR presents no "material issue of fact or law that would entitle the defendant to relief[.]"  Ariz. R. Crim. P. 32.11(a), 33.11(a).

## I.      Right to be Present (Trial and Plea Cases)

¶10         Cook claims the superior court violated his right to be present at an initial pretrial conference for all three cases, and that his absence caused prejudice by delaying or preventing him from obtaining allegedly exculpatory evidence. Because the record shows Cook waived his presence at the initial pretrial conference, no error occurred. This claim is also precluded in the trial cases because Cook could have raised it on direct appeal. *See* Ariz. R. Crim. P. 32.2(a)(3).

## II.      Vindictive Prosecution (Trial and Plea Cases)

¶11         Cook claims the State's prosecution was vindictive. The State charged Cook with felony DUIs after the City of Mesa dismissed misdemeanor charges against him in municipal court. *See Cook*, 2025 WL 2083128, at *1 ¶ 2. Cook contends the State charged him with felonies because he sought to vindicate his statutory and constitutional rights.

¶12         Cook's vindictive prosecution claim is precluded in the trial cases because he could have raised that claim on direct appeal. Ariz. R. Crim. P. 32.2(a)(3). Even if the claim was not waived in the plea case, *see Blackledge v. Perry*, 417 U.S. 21, 29–31 (1974), Cook's claim did not trigger the presumption of vindictiveness, and he did not prove that the State indicted him on felony charges to punish him for exercising legal rights.

¶13         A prosecution is unconstitutionally vindictive when the State brings a more serious charge against a defendant to punish him "for exercising a protected statutory or constitutional right." *United States v. Goodwin*, 457 U.S. 368, 372 (1982). Certain circumstances trigger a presumption of vindictiveness. *See id.* at 372–80. When that presumption applies, the State must show objective evidence justifying its decision. *State v. Dansdill*, 246 Ariz. 593, 598 ¶ 7 (App. 2019). When the presumption does not apply, the defendant must prove that a desire to punish him for exercising a protected right motivated the charging decision. *State v. Brun*, 190 Ariz. 505, 506 (App. 1997).

¶14         To trigger the presumption of vindictiveness in a pretrial charging decision, "a defendant must do more than prove that the state increased charges after the defendant exercised a legal right." *Dansdill*, 246 Ariz. at 598 ¶ 8. The defendant must instead provide additional facts showing a likelihood that the prosecutor's decision was motivated to penalize the defendant for asserting a right. *Id.* Cook did not meet that bar. That Cook *unsuccessfully* asserted certain rights through a pretrial motion is insufficient to trigger the presumption of vindictiveness. Cook also did not

show that the State had any motivation to penalize him for exercising his rights. *Cf. State v. Tsosie*, 171 Ariz. 683, 687–88 (App. 1992).

### III. Delayed Waiver of Counsel (Trial and Plea Cases)

**¶15**        Cook was arraigned on October 6, 2021, in the trial cases and on October 15, 2021, in the plea case. The same counsel represented him in all three cases. Cook filed a motion to change counsel or to represent himself on November 17, 2021, and he filed motions to waive counsel on December 17, 2021, and January 6, 2022.[1] The superior court scheduled a status conference for January 24, 2022, but apparently Cook could not attend because of COVID-19 or other quarantine measures. The court then ordered the Maricopa County Sheriff's Office to transport Cook to court for a conference on February 7, 2022, regardless of quarantine status, and the court accepted Cook's waiver of counsel that day.

**¶16**        Cook argues the court's delay in granting his request for self-representation prejudiced him because, during that time, trial counsel did not protect his rights to a speedy trial, self-representation, and freedom from vindictive prosecution.

**¶17**        Cook raised this issue on direct appeal, but we did not address it because the crux of his argument was that counsel rendered constitutionally ineffective representation. *See Cook*, 2025 WL 2083128, at *2 ¶ 12. We therefore address Cook's claim through the prism of ineffective assistance of counsel.

**¶18**        The superior court did not abuse its discretion by dismissing this claim. Because Cook's speedy trial and vindictive prosecution claims were meritless, his attorney's decision not to pursue them was not ineffective assistance of counsel. *See Anderson*, 257 Ariz. at 233 ¶ 27 (requiring the defendant to show counsel's performance was "deficient . . . under all the circumstances" and "a reasonable probability" that absent counsel's deficient performance, "the result of the proceeding would have been different"); *see also id.* at 234 ¶ 34. Nor has Cook shown that more pressure from his attorney to resolve Cook's self-representation request would have made any difference in the outcome of his cases.

---

[1]        Cook says he made earlier oral requests to waive counsel. Cook moved to waive counsel in the trial cases on October 5, 2021, but he also moved to appoint counsel that same day.

## IV.    Sentence Enhancement (Trial Cases)

**¶19**         Cook claims the superior court unlawfully sentenced him as a category 3 repetitive offender.  Cook claims his prior convictions were unconstitutionally obtained without representation of counsel or in violation of his right to self-representation.

**¶20**         Although Cook raised this issue on direct appeal, we concluded that his collateral attack on his prior convictions needed to be raised in a Rule 32 proceeding.  *See Cook*, 2025 WL 2083128, at *3 ¶ 19.  In other words, Cook must challenge the constitutionality of his prior convictions by seeking post-conviction relief in those proceedings.  He cannot use his PCRs in this case to challenge the constitutionality of convictions in other cases.

**¶21**         In any event, the sentencing orders for Cook's prior convictions show that Cook was represented by counsel in each case.  The primary argument Cook makes for why his prior convictions were unlawful is that counsel in one of those cases did not advocate for Cook's desire to represent himself.  Cook's conclusory and unsupported statements are inadequate to establish a colorable claim. *See State v. Donald*, 198 Ariz. 406, 413–14 ¶¶ 17, 21 (App. 2000).  In fact, our decision in Cook's direct appeal in the prior case he relies on shows that the superior court initially granted his motion for self-representation but later revoked it at Cook's request, with the admonition that Cook would not be allowed to then represent himself. *See State v. Cook*, 2009 WL 2168325, *2 ¶¶ 7, 10 (Ariz. App. July 21, 2009) (mem. decision).

## V.    Presentence Incarceration Credit (Trial Cases)

**¶22**         Cook contends he should have received presentence incarceration credit for time spent in custody on the misdemeanor DUI charges that were dismissed after the State recharged him with felonies. Cook has not provided documentation showing when he was taken into or released from custody on those charges.  Nor has he established that any incarceration on those charges was "pursuant to an offense" for which he was sentenced to prison in the trial cases.  A.R.S. § 13-712(B).  Cook has not met his "burden . . . to demonstrate entitlement to additional presentence incarceration credit."  *State v. Cecena*, 235 Ariz. 623, 625 ¶ 10 (App. 2014).

## VI.    Involuntary Plea (Plea Case)

**¶23**         Cook claims the State coerced him to plead guilty, which rendered his plea involuntary, in two ways: one, by depriving him of the

right to be present at the initial pretrial conference, and two, by exploiting the COVID-19 emergency to impose inordinate pre-trial delays. Because Cook waived his presence at the pretrial conference, the State did not coerce his plea in that respect.

¶24　　Nor does Cook show that delays caused by the COVID-19 emergency rendered his plea involuntary. Cook entered a guilty plea to a misdemeanor during his trial in the plea case after information emerged that jeopardized the State's ability to prove aggravated DUI. If Cook did not take the plea, the State likely would have asked to proceed with trial on lesser included offenses. By pleading guilty *during trial*, Cook fails to show he was coerced into pleading guilty because of any pretrial delays.

¶25　　Even if pretrial delays somehow affected Cook's plea decision, he did not show that his decision was not "a voluntary and intelligent choice among the alternative courses of action[.]" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (internal quotation omitted). The Rules contain detailed procedures for superior courts to follow when advising criminal defendants of the consequences of a guilty plea and in determining whether a plea is entered voluntarily and intelligently. *See* Ariz. R. Crim P. 17.2–17.3. To ensure plea agreements remain final, statements made during a plea hearing "carry a strong presumption of verity, and constitute a formidable barrier in a subsequent challenge to the validity of the plea." *State v. Leyva*, 241 Ariz. 521, 525 ¶ 12 (App. 2017) (cleaned up).

¶26　　During his plea colloquy with the court, Cook said his decision to plead guilty was not induced by any threats or promises beyond the terms of the plea agreement. Considering Cook's statements and the circumstances presented at the change-of-plea proceeding, he did not establish coercion. *See State v. Ditzler*, 11 Ariz. App. 538 (1970) (having said he was not coerced to plead guilty, defendant's later assertion that he pleaded guilty because of pretrial incarceration failed); *State v. Ellis*, 117 Ariz. 329, 331 (1977) ("[Appellant] has not satisfied us [in light of his statements when changing his plea] that [prison] conditions had such a coercive influence on his decision to plead guilty[.]").

## VII.　Speedy Trial and Attorney Conflict of Interest (Plea Case)

¶27　　Cook also claims there was a speedy trial violation and his counsel had a conflict of interest in the plea case. Cook waived those claims because by pleading guilty. Ariz. R. Crim. P. 33.2(a)(1). "A defendant who pleads guilty waives the right to assert on review all non-jurisdictional defenses, including deprivations of constitutional rights." *State v. Chavez*,

243 Ariz. 313, 318 ¶ 14 (App. 2017). "It is a well settled rule of law that when a defendant voluntarily and knowingly pleads guilty at his trial such action constitutes a waiver of all non-jurisdictional defenses, defects and irregularities in the proceedings." *State v. Nicholson*, 109 Ariz. 6, 8 (1972). A pleading defendant is limited to challenging "whether the underlying plea was both counseled and voluntary" and whether "on the face of the record the court had . . . power to enter the conviction or impose the sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989). Because Cook's speedy trial and attorney conflict of interest claims did not impact the voluntariness of the plea or the court's jurisdiction, the claims are waived.

**¶28** To the extent Cook's conflict-of-interest claim is an ineffective assistance of counsel claim, that claim still fails. "When a claim of ineffective assistance of counsel stems from plea proceedings, a defendant must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *State v. Nunez-Diaz*, 247 Ariz. 1, 5 ¶ 13 (App. 2019) (internal quotation omitted). Cook has not shown that the conflict he alleges—counsel's contract with Maricopa County—impacted his decision to plead guilty.

## VIII.  Motions to Modify Sentences

**¶29** Cook filed two motions under A.R.S. § 13-4037 asking this court to modify his sentences. That statute authorizes an appellate court, "[u]pon an appeal" by the defendant, (1) to "correct" an "illegal sentence" so that it "correspond[s] to" a "lawful verdict[,]"or (2) in an appeal claiming an excessive sentence, to "reduce the extent or duration of the punishment imposed" to a less severe but legal sentence. A.R.S. § 13-4037(A)–(B).

**¶30** Even assuming A.R.S. § 13-4037 applies in post-conviction relief proceedings, Cook's sentences were neither illegal nor excessive.

### CONCLUSION

**¶31** We grant review but deny relief. We also deny Cook's motions to modify his sentences.

