239 P.3d 1258

**STATE of Arizona, Appellant,**

v.

**Jason Allen MIEG, Appellee.**

**No. 1 CA–CR 08–0964.**

Court of Appeals of Arizona,
Division 1, Department E.

Oct. 7, 2010.

Richard M. Romley, Maricopa County Attorney By Linda Van Brakel, Deputy County Attorney, Phoenix, Attorneys for Appellant.

James J. Haas, Maricopa County Public Defender By Karen M.V. Noble, Deputy Public Defender, Phoenix, Attorneys for Appellee.

## OPINION

HALL, Judge.

¶ 1 Following a mistrial declared when a state's witness mentioned the offense for which defendant was arrested but not charged, the state obtained a new indictment adding the uncharged offense. The trial court subsequently granted defendant's motion to dismiss all charges with prejudice based on prosecutorial vindictiveness. Because we conclude that the undisputed facts fail to establish a prima facie case of vindictive prosecution, we reverse the dismissal and remand for reinstatement of the indictment.

## BACKGROUND

¶ 2 Police stopped the car being driven by defendant after they observed several traffic violations. After an officer saw a scale in the map pocket of defendant's vehicle that he recognized as a type commonly used to weigh drugs, he arrested defendant for possession of drug paraphernalia. When another officer searched defendant incident to the arrest, he discovered two baggies of methamphetamine in defendant's pockets. The state charged defendant by direct complaint with one count of possession or use of a dangerous drug, methamphetamine. After a preliminary hearing, a commissioner found that probable cause supported the charge.

¶ 3 Defendant moved to suppress the scale and drugs claiming that the arrest stemmed from the seizure of the scale in violation of the Fourth Amendment. After a hearing, the trial court denied defendant's suppression motion. After the jury was sworn in but before opening statements, defendant made an oral motion in limine before the judge pro tempore assigned to try the case to preclude admission of any reference to the scale or the paraphernalia arrest, citing Arizona Rule of Evidence 404(b), and arguing that any evidence regarding the scale would be "unduly prejudicial" and confusing because defendant was not charged with possession of drug paraphernalia. The court granted the motion over the prosecutor's objection because the scale was "not charged" and "the prejudicial effect of the scale outweighs any probative value." The court ordered the prosecutor to advise her witnesses simply to testify that police had placed defendant under arrest, and that the methamphetamine was discovered in a search incident to that arrest.

¶ 4 On direct examination later that day, the prosecutor asked one of the officers if the "Jason" who was arrested was the same person as defendant. In response, the officer testified "Yes" and then volunteered that defendant was then told that he was being placed under arrest for possession of drug paraphernalia. Defendant promptly objected and moved for a mistrial. The state opposed a mistrial, arguing that striking the offending testimony and issuing a curative instruction would suffice. The court found that the mention of the paraphernalia arrest was "inadvertent" and "unintentional," but nonetheless "reluctantly" declared a mistrial.

¶ 5 After the mistrial, the state served defendant with an indictment charging him with one count of possession of a dangerous drug, and, in addition, one count of possession of drug paraphernalia. On the state's motion, the information was dismissed without prejudice.

¶ 6 Defendant then moved to dismiss the indictment on grounds of prosecutorial vindictiveness. Defendant argued that the prosecutor had filed the additional charge of possession of drug paraphernalia in retaliation for defendant's exercise of the following rights: (1) to take the charges to trial; (2) to seek to dismiss the charge because the superior court file did not contain an information; [1] and (3) to seek a mistrial. He further argued that the following circumstances gave rise to a presumption of vindictiveness: (1) the timing of the addition of the charge after defendant successfully obtained a mistrial; (2) the prosecutor's refusal to dismiss and re-file to cure the lack of an information; and (3) the "ambush-like service" of the indictment on defendant outside of defense counsel's presence. In response, the state argued that the circumstances did not give rise to a presumption of vindictiveness. The state further argued that even if the presumption of vindictiveness applied, it had adequately rebutted it by explaining that the prosecutor had re-evaluated the charges in light of the court's ruling precluding admission of any reference to the drug paraphernalia.

¶ 7 The trial court found "sufficient facts to support the presumption of vindictiveness" and that the state "failed to rebut the presumption." It granted defendant's motion to dismiss the charges in both cases with prejudice. The state timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) section 13–4032(1) (2010).

**1.** Defendant had filed a pretrial motion to dismiss the original charge for lack of jurisdiction based on the absence of an information in the court file. Noting that the arraignment minute entry reflected that an information had been filed and that defendant in any event had notice of the charge, the court denied the motion.

**2.** There is some disagreement over the correct standard of review for prosecutorial vindictive-

## DISCUSSION

¶ 8 Arguing that defendant failed to make a prima facie showing sufficient to raise a presumption of prosecutorial vindictiveness, the state contends that the trial court erred by dismissing the charges with prejudice. We agree.

¶ 9 We review rulings on motions to dismiss for vindictive prosecution for an abuse of discretion. *State v. Brun,* 190 Ariz. 505, 506, 950 P.2d 164, 165 (App.1997). A court abuses its discretion when "the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice." *State v. Chapple,* 135 Ariz. 281, 297 n. 18, 660 P.2d 1208, 1224 n. 18 (1983) (citation omitted).[2]

¶ 10 A valid claim of prosecutorial vindictiveness limits a prosecutor's otherwise broad discretion over charging decisions. *Blackledge v. Perry,* 417 U.S. 21, 27–29, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). A criminal defendant's constitutional right to due process protects him from prosecutorial decisions that are "motivated by a desire to punish him for doing something that the law plainly allowed him to do." *United States v. Goodwin,* 457 U.S. 368, 384, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). In other words, the Constitution's due process guarantees prevent prosecutors from punishing defendants for exercising their protected legal rights by subsequently subjecting them to more severe charges. *Id.* at 372, 102 S.Ct. 2485.

¶ 11 There are two ways in which a defendant can demonstrate prosecutorial vindictiveness. First, a defendant may show *actual* vindictiveness, i.e., he "may prove through objective evidence that a prosecutor acted in order to punish him for standing on his legal rights." *United States v. Meyer,* 810 F.2d 1242, 1245 (D.C.Cir.1987) (citing

ness cases among and within the federal circuit courts. *See United States v. Barner,* 441 F.3d 1310, 1315 n. 5 (11th Cir.2006) (surveying the various standards of review in use in the circuits). But we agree with the Eleventh Circuit that "[t]he disagreement is perhaps more apparent than real, for even under an abuse of discretion standard, errors of law receive no deference." *Id.*

*Goodwin,* 457 U.S. at 380–81, 384 & n. 19, 102 S.Ct. 2485). Defendant does not claim that the prosecutor here acted with actual vindictiveness. Second, because "motives are complex and difficult to prove," *Goodwin,* 457 U.S. at 373, 102 S.Ct. 2485, a defendant may rely on a presumption of vindictiveness if the circumstances establish a "realistic likelihood of vindictiveness." *Blackledge,* 417 U.S. at 27, 94 S.Ct. 2098.

¶ 12 Because "a certain amount of punitive intent ... is inherent in any prosecution," a claim of vindictive prosecution presents "the delicate task of distinguishing between the acceptable 'vindictive' desire to punish [a defendant] for any criminal acts, and 'vindictiveness' which violates due process." *United States v. Doran,* 882 F.2d 1511, 1518 (10th Cir.1989). If a defendant makes a prima facie showing that the charging decision is "more likely than not attributable to vindictiveness" by the prosecutor, *Alabama v. Smith,* 490 U.S. 794, 801, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), the burden shifts to the prosecutor to overcome the presumption "by objective evidence justifying the prosecutor's action." *Goodwin,* 457 U.S. at 376 n. 8, 102 S.Ct. 2485; *Blackledge,* 417 U.S. at 29 n. 7, 94 S.Ct. 2098.

¶ 13 In *Blackledge,* the Supreme Court explained how increasing a defendant's charge from a misdemeanor to a felony after defendant secured a new trial on appeal gave rise to a realistic likelihood of vindictiveness:

A prosecutor clearly has a considerable stake in discouraging convicted misdemeanants from appealing and thus obtaining a trial de novo in the Superior Court, since such an appeal will clearly require increased expenditures of prosecutorial resources before the defendant's conviction becomes final, and may even result in a formerly convicted defendant's going free. And, if the prosecutor has the means readily at hand to discourage such appeals—by "upping the ante" through a felony indictment whenever a convicted misdemeanant pursues his statutory appellant remedy—the State can insure that only the

most hardy defendants will brave the hazards of a de novo trial.

417 U.S. at 27–28, 94 S.Ct. 2098.

¶ 14 In *Goodwin,* on the other hand, the Supreme Court declined to apply a presumption of prosecutorial vindictiveness in a pretrial setting in which Goodwin was indicted on a felony charge after he requested a jury trial on a pending misdemeanor and petty offenses arising out of the same incident. The Supreme Court distinguished *Blackledge* because it involved a post-trial setting: "[A] change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision." 457 U.S. at 381, 102 S.Ct. 2485. This is so because the "institutional bias inherent in the judicial system against the retrial of issues that have already been decided," *id.* at 376, 102 S.Ct. 2485, gives the prosecutor and the court a stake in avoiding having "to do over what it thought it had already done correctly." *Id.* at 383, 102 S.Ct. 2485 (quoting *Colten v. Kentucky,* 407 U.S. 104, 117, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972) (internal quotation marks omitted)). Noting that "a mere opportunity for vindictiveness is insufficient to justify the imposition of a prophylactic rule[,]" the Court held that "[t]he possibility that a prosecutor would respond to a defendant's pretrial demand for a jury trial by bringing charges not in the public interest that could be explained only as a penalty imposed on the defendant is so *unlikely* that a presumption of vindictiveness is not warranted." *Goodwin,* 457 U.S. at 384, 102 S.Ct. 2485.

¶ 15 *Blackledge* and *Goodwin* demonstrate that the timing of the charging decision is frequently a significant factor in deciding whether a presumption of vindictiveness exists. But courts in Arizona, as well as most courts in other jurisdictions, nonetheless consider all relevant circumstances when evaluating whether to apply such a presumption in pretrial and post-trial settings. *See State v. Noriega,* 142 Ariz. 474, 484–86, 690 P.2d 775, 785–87 (1984) (discussing surrounding circumstances before concluding that post-trial enhancement allegation did not give rise to presumption of vindictiveness); *State v. Tsosie,* 171 Ariz. 683, 687, 832 P.2d 700, 704

(App.1992) (applying totality of circumstances to pretrial charging decision: "[T]he critical question . . . is whether the defendant has shown 'that all of the circumstances, when taken together, support a realistic likelihood of vindictiveness and therefore give rise to a presumption.' ") (quoting *United States v. Meyer*, 810 F.2d 1242, 1246 (D.C.Cir.1987)). For example, in *Tsosie*, we concluded that the unusual circumstances of that case gave rise to a presumption of prosecutorial vindictiveness even though the case was in a pretrial setting. 171 Ariz. at 687–88, 832 P.2d at 704–05.

■ ¶ 16 Cases in which the charge is altered following a mistrial require an analysis that does not fit neatly within the pretrial/post-trial dichotomy. When the state adds a charge following a mistrial, we believe that a totality-of-the-circumstances approach is particularly appropriate in evaluating whether to apply a presumption of vindictiveness. *See Doran*, 882 F.2d at 1521 ("[W]e conclude that a totality-of-the-circumstances approach is particularly appropriate in the post-mistrial setting"). Therefore, drawing on the *Blackledge/Goodwin/Smith* line of cases, a presumption of prosecutorial vindictiveness would arise under the circumstances of this case if the state's action in seeking an indictment adding the additional charge was more likely than not explainable only as a penalty imposed on defendant for obtaining a mistrial.

■ ¶ 17 Our consideration of the totality of the circumstances here persuades us that the trial court erred when it found that defendant had shown a realistic likelihood that the added charge was motivated by prosecutorial vindictiveness. First, because the trial ended before a verdict was reached, the state was not required "to do over what it thought it had already done correctly."

¶ 18 Second, the court's ruling on the first day of trial granting defendant's oral motion in limine to preclude any testimony regarding the scale, which restricted the state's ability to present the full circumstances surrounding defendant's arrest, was undoubtedly a development that the prosecutor had not anticipated. The timing of the motion prevented the state from reassessing its original charging decision before proceeding to trial. This circumstance makes it substantially less likely that the decision to add the drug paraphernalia charge was motivated solely by a desire to deter and punish defendant for asserting his right to a mistrial. *See Goodwin*, 457 U.S. at 381, 102 S.Ct. 2485 ("It is unrealistic to assume that a prosecutor's probable response to [pretrial] motions is to seek to penalize and to deter."). Although the prosecutor could have avoided any possibility of the evidence regarding the scale being excluded as "not charged" had it been included in the original information, we think it would ill-serve the public good to penalize the state when a prosecutor chooses not to bring all conceivable charges at the outset. *See id.* at 382 n. 14, 102 S.Ct. 2485 ("[T]here are certain advantages in avoiding a rule that would compel prosecutors to attempt to place every conceivable charge against an individual on the public record from the outset.").

¶ 19 Third, and perhaps most importantly, the state is permitted to respond to an adverse evidentiary ruling by changing strategy in an effort to strengthen its case when doing so does not violate a defendant's procedural rights. Here, the state's decision to pursue an indictment adding the drug paraphernalia charge to ensure that the evidence explaining defendant's arrest would be admissible at his retrial was a reasonable and legitimate response to the court's pretrial ruling. *See, e.g., United States v. Poole*, 407 F.3d 767, 774 (6th Cir.2005) (concluding that no presumption of vindictiveness existed when government added drug-related charges following mistrial on weapon-possession offense after court had granted motion in limine excluding evidence that officers approached defendant after observing him make a drug sale); *United States v. Raymer*, 941 F.2d 1031, 1042 (10th Cir.1991) ("In the absence of procedural unfairness to the defendant, the government may increase charges or make them more precise based upon new information or further evaluation of the case."); *Doran*, 882 F.2d at 1522 (circumstances surrounding filing of superseding indictment containing additional charges permitted "a reasonable inference that given extra time to analyze the evidence, the Gov-

ernment legitimately decided the new theory of liability was appropriate").

¶ 20 The sole factor supporting a presumption of vindictiveness is that the drug paraphernalia charge was added after defendant asserted his right to a mistrial that was caused by the testimony of the state's witness in violation of a court order. As defendant points out, the mistrial here is therefore distinguishable from those that occur when a jury is unable to reach a verdict. *See, e.g., United States v. Mays*, 738 F.2d 1188, 1190 (11th Cir.1984) (mistrial caused by jury's inability to reach a verdict does not arise from a defendant's exercise of a protected right). The significance of this circumstance is somewhat lessened, however, because, as the trial court found, the prosecutor did not intentionally elicit the testimony that caused the mistrial. Further, although the prosecutor suggested that a curative instruction would suffice to ameliorate any prejudice to defendant, she readily acknowledged that the testimony violated the court's order.

¶ 21 Having considered the circumstances surrounding the state's action in seeking the additional drug paraphernalia charge, we are unable to say that the facts support a determination that the state's action is more likely than not explainable only as an effort to penalize defendant for asserting his legal right to request a mistrial. We conclude that the trial court erred by finding otherwise.

¶ 22 Because no presumption applies, defendant was required to show that the charges in the post-mistrial indictment were motivated by actual vindictiveness. Defendant did not claim that the prosecutor was actually vindictive; therefore, the trial court abused its discretion when it granted defendant's motion to dismiss.

## CONCLUSION

¶ 23 We reverse the trial court's order dismissing all charges with prejudice and remand for reinstatement of the indictment.

CONCURRING: SHELDON H. WEISBERG, Presiding Judge and JOHN C. GEMMILL, Judge.