NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

DONNIE MONROE TWIGGS, *Appellant.*

No. 1 CA-CR 13-0305
FILED 12-02-2014

---

Appeal from the Superior Court in Maricopa County
No.  CR2012-009266-001
The Honorable Robert E. Miles, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Myles A. Braccio
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Reid
*Counsel for Appellant*

_____

## MEMORANDUM DECISION

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge John C. Gemmill joined.

_____

**N O R R I S**, Judge:

¶1 Donnie Monroe Twiggs appeals his convictions and sentences for three counts of possession of narcotic drugs and two counts of possession of drug paraphernalia. On appeal, Twiggs argues the superior court should not have, first, denied his motion to dismiss for prosecutorial vindictiveness and second, enhanced his sentences because a jury did not find he was on community supervision at the time of his offenses. As we explain, we disagree with Twiggs' first argument, and the record fails to demonstrate reversible error as to his second argument. We therefore affirm his convictions and sentences.

## FACTS AND PROCEDURAL BACKGROUND

¶2 At about midnight on September 17, 2011, Twiggs fled from the police when they attempted to stop him for not having a fixed light on his bicycle. After stopping Twiggs, one of the officers saw Twiggs throw something. The police searched the route Twiggs had fled and discovered two baggies of crack cocaine and a bottle of morphine pills. Subsequently, a grand jury indicted Twiggs on one count of possession of crack cocaine, one count of possession of morphine, and one count of possession of drug paraphernalia, specifically "bag(s) and/or pill bottle" ("2011 case").

¶3 During trial, Twiggs moved to preclude admission of the larger baggie of crack cocaine, arguing that although the police had field-tested what was in the bag they had failed to submit it to a laboratory for confirmation of the results. The superior court precluded testimony on the nature of the substance in the larger baggie.

¶4 Despite the prosecutor's attempts to limit the testimony from an officer who had seized the larger baggie but had not conducted the field testing, the officer repeatedly referred to the contents as crack cocaine. As a result, over the prosecutor's objection, the superior court granted Twiggs' request for a mistrial. The superior court noted, however, that "the record should be abundantly clear that there was nothing that was done wrong by the State, and I don't think there was any malus [sic] from the officer." At that time, the

prosecutor stated that in light of defense counsel's arguments, which he expected would be renewed at the next trial, he was going to have the baggie tested, and might file additional charges.

¶5        The prosecutor subsequently obtained a new indictment against Twiggs ("2012 case"). The grand jury indicted Twiggs for a second count of possession of crack cocaine and for a second count of possession of drug paraphernalia, along with the original count of possession of morphine, for a total of five counts, instead of three.  On the State's motion, the court then dismissed the 2011 case without prejudice.  The prosecutor also filed an additional allegation of aggravating circumstances other than prior convictions, that is, "indicia of sale."

¶6        Twiggs moved to dismiss the 2012 case for prosecutorial vindictiveness.  Twiggs argued the timing and the absence of any evidentiary necessity for the additional two charges, and the absence of any new information to support the "indicia of sale" aggravator demonstrated the prosecutor was motivated by a desire to punish Twiggs for obtaining a mistrial.  The court denied the motion, reasoning that under the totality of the circumstances, "the decision to re-charge can be best explained and characterized here as an attempt to ensure proper admission of evidence at trial and not as a penalty imposed on the defendant for obtaining a mistrial."

**DISCUSSION**

I.        Alleged Prosecutorial Vindictiveness

¶7        Twiggs argues that the superior court abused its discretion in denying his motion to dismiss the 2012 case for prosecutorial vindictiveness.  On this record, we disagree.  *State v. Brun*, 190 Ariz. 505, 506, 950 P.2d 164, 165 (App. 1997) (appellate court reviews superior court's ruling on prosecutorial vindictiveness for abuse of discretion).

¶8        A prosecutor has broad discretion over charging decisions, and is entitled to amend the charges or file new charges before trial as the matter proceeds and new facts come to light.  *See, e.g., United States v. Goodwin*, 457 U.S. 368, 381-84, 102 S. Ct. 2485, 2492-94, 73 L. Ed. 2d 74 (1982*); State v. Jahns*, 133 Ariz. 562, 568-69, 653 P.2d 19, 25-26 (App. 1982).   The prosecution may not bring additional charges, however, simply to penalize a defendant for exercising his legal rights. *Blackledge v. Perry*, 417 U.S. 21, 27-29, 94 S. Ct. 2098, 2102-03, 40 L. Ed. 2d 628 (1974).

¶9        A defendant may demonstrate "prosecutorial vindictiveness" in two ways.   *State v. Mieg*, 225 Ariz. 445, 447, ¶ 11, 239 P.3d 1258, 1260 (App. 2010).

"First, a defendant may show *actual* vindictiveness, i.e., he 'may prove through objective evidence that a prosecutor acted in order to punish him for standing on his legal rights.'" *Id.* at 447, ¶ 11, 239 P.3d at 1260 (citations omitted). Twiggs has not claimed that the prosecutor in this case acted with actual vindictiveness.

¶10　　　　Second, "because 'motives are complex and difficult to prove,' a defendant may rely on a presumption of vindictiveness if the circumstances establish a 'realistic likelihood of vindictiveness.'" *Id.* at 448, ¶ 11, 239 P.3d at 1261 (citations omitted). The presumption arises only if the defendant demonstrates, under the totality of the circumstances, "a realistic likelihood that the added charge was motivated by prosecutorial vindictiveness." *See id.* at 448-49, ¶¶ 15-17, 239 P.3d at 1261-62. "If a defendant makes a prima facie showing that the charging decision is 'more likely than not attributable to vindictiveness' by the prosecutor, the burden shifts to the prosecutor to overcome the presumption 'by objective evidence justifying the prosecutor's action.'" *Id.* at 448, ¶ 12, 239 P.3d at 1261 (citations omitted).

¶11　　　　The superior court did not indicate whether it had concluded Twiggs had made a sufficient showing to rely on a presumption of vindictiveness. Even if we assume the court reached such a conclusion, the prosecutor provided sufficient objective evidence to overcome the presumption.

¶12　　　　The prosecutor stated, "the refiling, the new charges [are] all in response to the arguments the defense made in the original trial . . . ." The prosecutor explained that if he had simply submitted the larger baggie of crack cocaine for testing and offered it at a second trial along with the smaller baggie to prove the one count of possession of crack cocaine originally charged, Twiggs no doubt would have moved to dismiss the charge for duplicity. The prosecutor thus avoided this potential duplicity problem in the 2012 case by charging two counts of possession of crack cocaine for the two bags seized by the police. And, the prosecutor explained he had sought the additional possession of drug paraphernalia charge to avoid a potential duplicity problem with the original single count of possession of drug paraphernalia based on either possession of the "bag(s) and/or pill bottle." Although the court in the 2011 case had refused to dismiss this charge for duplicity, it nevertheless noted the charge was arguably duplicitous, but any problem with duplicity could be cured through instructions and an appropriate verdict form that required the jury to specify whether it unanimously found that Twiggs possessed the bottle, the bags, or both. The prosecutor avoided this duplicity problem in the 2012 case by obtaining an indictment for two counts of possession of drug paraphernalia, one for the bottle, and the other for the bags used to contain the crack cocaine. The prosecutor's

presentation of this objective evidence was sufficient to rebut any presumption of vindictiveness for filing the two additional charges.

**¶13** The prosecutor also presented objective evidence to rebut any presumption of vindictiveness in the filing of the additional aggravator for "indicia of sale." The prosecutor told the superior court the case had originally been "referred to the county attorney as possession of narcotic drugs for sale, which is a class 2 felony and the state exercised restraint originally in charging it." He stated he had reviewed "the tactics of the defense, the arguments that succeeded, what happened in the first trial," and had considered the likelihood that defense counsel would argue addiction as a mitigating factor, and filed the "indicia of sale" aggravator solely to rebut any such argument. The addition of a second aggravator for "indicia of sale" exposed Twiggs to the possibility of three additional years in prison. *See* Ariz. Rev. Stat. ("A.R.S.") § 13-703(C), (J) (Supp. 2014).[1] The prosecutor explained however, that he had no intention of recommending a longer sentence than he had indicated he would be seeking in the prior trial based on the single aggravator (of prior convictions), that is, 12 years. The State did ultimately recommend that Twiggs be sentenced to 12 years in prison, not explicitly relying on "indicia of sale," but rather on a past criminal history of selling narcotic drugs and resisting arrest, "precisely what occurred in this case as well." We are persuaded that this objective evidence rebutted any presumption of vindictiveness as well, and accordingly conclude the superior court did not abuse its discretion in denying the motion to dismiss.

II.     Enhanced Sentencing

**¶14** Relying on *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), Twiggs next argues we should vacate his sentences because the superior court and not the jury found he was on community supervision at the time of the offenses and thus the court improperly imposed enhanced sentences.

**¶15** In *Alleyne,* the Supreme Court held that any fact that increases the mandatory minimum sentence must be submitted to the jury and proved beyond a reasonable doubt. *Id.* at 2163. This court followed *Alleyne* in *State v. Large*, 234 Ariz. 274, 321 P.3d 439 (App. 2014), and held that the fact that a defendant was on release at the time of commission of the offenses, and thus subject to enhanced sentencing pursuant to A.R.S. § 13-708 (Supp. 2014), must be found by a jury beyond a reasonable doubt. *See Large*, 234 Ariz. at 278-80, ¶¶ 12-16, 321 P.3d at 443-45.

---

[1]Although the Arizona Legislature amended certain statutes cited in this decision after the date of Twiggs offenses, the revisions are immaterial to the resolution of this appeal. Thus, we cite to the current version of these statutes.

¶16 Although *Alleyne* was decided two months after the court sentenced Twiggs, because *Alleyne* announced a new rule of constitutional law, its holding is applicable to all cases pending on direct review. *See id.* at 280, ¶ 16, 321 P.3d at 445. Moreover, although Twiggs did not object to the error, we follow *Large* in concluding that under the circumstances such error is nevertheless subject to review for harmless error. *See id.* at 280, ¶ 18, 321 P.3d at 445.

¶17 Here, the error was harmless. At the hearing on prior convictions and release status, Twiggs' parole officer testified Twiggs was on community supervision for a prior criminal case, CR2002-018026, at the time of the offenses. The State also presented testimony that Twiggs' fingerprints matched those on a certified copy of a pen pack showing his prior convictions, including the one in CR 2002-018026. Twiggs did not challenge the parole officer's testimony, or offer any evidence to dispute the fact that he was on community supervision at the time of the offenses. Based on the uncontroverted evidence, no reasonable jury could have concluded that Twiggs was not on community supervision at the time of the offenses. *See id.* at 280, ¶19, 321 P.3d at 445 (error in not submitting parole status to jury was harmless, because no reasonable jury could have found that defendant was not on parole at the time).

**Conclusion**

¶18 For the foregoing reasons, we affirm Twiggs' convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED : gsh