NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOHN STEPHEN WESTERFIELD, *Appellant.*

No. 1 CA-CR 16-0734
FILED 11-21-2017

Appeal from the Superior Court in Maricopa County
No. CR2012-127259-001, CR2014-001877-001
The Honorable Jose S. Padilla, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Elizabeth B. N. Garcia
*Counsel for Appellee*

The Stavris Law Firm, PLLC, Scottsdale
By Christopher Stavris
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge James P. Beene delivered the decision of the Court, in which Judge Randall M. Howe and Judge Kent E. Cattani joined.

---

**B E E N E**, Judge:

**¶1**         Defendant John Stephen Westerfield ("Westerfield") appeals his convictions and sentences, arguing that the superior court erred by failing to dismiss his case based on prosecutorial vindictiveness.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2**         In May 2012, Westerfield was indicted on two counts of sexual conduct with a minor against victim M.W. for events that occurred in June 2002 and on two counts of aggravated luring of a minor against another victim, M.P., for events that occurred in May 2012.

**¶3**         In May 2014, the State indicted Westerfield on an additional 11 counts against M.P. for events that occurred from February to April 2012; six counts of sexual exploitation of a minor and five counts of aggravated luring of a minor.

**¶4**         The State moved to consolidate the 2012 and 2014 cases. Westerfield objected.  He argued, in pertinent part, that the 2014 charges were "designed for a single purpose; to wit, in a fruitless attempt to compel [him] to take a plea and deny him his right to trial by Jury."  Despite Westerfield's pledge to file a motion to dismiss for prosecutorial vindictiveness, he failed to do so.  After several continuances, the superior court held an evidentiary hearing in August 2015 and consolidated the 2012 and 2014 cases.

**¶5**         Following a 13-day jury trial in March 2016, the jury found Westerfield not guilty of the offenses against M.W. (Counts 1 and 2), but found him guilty of the 13 offenses against M.P. (Counts 3-15).  He was sentenced to 20 years in prison.

¶6 Westerfield timely appealed and we have jurisdiction pursuant to Arizona Revised Statutes sections 12–120.21(A)(1), 13–4031, and –4033(A)(1).

## DISCUSSION

¶7 Westerfield argues that the superior court erred by not dismissing his case based on prosecutorial vindictiveness.[1] He contends that when he rejected the State's plea offer in the 2012 case, the "State decided to punish" him for exercising his constitutional rights, rejecting the plea offer, and requesting a speedy jury trial by indicting him on the additional 11 counts in 2014.

¶8 Because Westerfield failed to move for dismissal on that basis in the superior court, we review his argument only for fundamental, prejudicial error. *See State v. Henderson*, 210 Ariz. 561, 568, ¶ 22 (2005). Thus, Westerfield "bears the burden of establishing both that fundamental error occurred and that the error caused him prejudice." *Id.* Fundamental error is error that "goes to the foundation of his case, takes away a right that is essential to his defense, and is of such magnitude that he could not have received a fair trial." *Id.* at ¶ 24.

¶9 Prosecutorial vindictiveness occurs when a prosecutor makes a decision to file additional charges or seeks an increased punishment because the defendant exercised a protected legal right. *State v. Mieg*, 225 Ariz. 445, 447, ¶ 10 (App. 2010). We must distinguish "between the acceptable vindictive desire to punish [a defendant] for any criminal acts, and vindictiveness which violates due process." *Id.* at 448, ¶ 12 (citation

---

[1] Westerfield also makes a cursory argument that his rights to a speedy trial were violated. Because he has failed to adequately develop this argument, however, we deem it waived. *See* Ariz. R. Crim. P. 31.13(c)(1)(vi) (opening brief "shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on."); *State v. Carver*, 160 Ariz. 167, 175 (1989) ("[O]pening briefs must present significant arguments, supported by authority, setting forth an appellant's position on the issues raised. Failure to argue a claim usually constitutes abandonment and waiver of that claim."). Moreover, the record reflects that Westerfield's speedy trial rights were not violated because throughout the proceedings he requested and was granted at least nine continuances wherein he "waived applicable time limits."

and internal quotations omitted). A defendant may show prosecutorial vindictiveness by proving "*actual* vindictiveness, i.e., he may prove through objective evidence that a prosecutor acted in order to punish him for standing on his legal rights," or he "may rely on a presumption of vindictiveness if the circumstances establish a realistic likelihood of vindictiveness." *Id.* at 447-48, ¶ 11 (internal citations and quotations omitted). "[T]he defendant bears the initial burden of establishing the appearance of vindictiveness." *State v. Tsosie*, 171 Ariz. 683, 685 (App. 1992). "Thereafter, the burden shifts to the prosecution to show that the decision to prosecute was justified." *Id.* We consider all relevant circumstances in determining whether to apply a presumption of vindictiveness, *Mieg*, 225 Ariz. at 448, ¶ 15, keeping in mind that the pretrial decisions of prosecutors are entitled to "especially deferential" judicial evaluation, *Town of Newton v. Rumery*, 480 U.S. 386, 397, n. 7 (1987).

¶10 The case against Westerfield began in early 2012, when United States Postal Inspector Greg Torbenson was contacted by law enforcement officers in Alaska advising that M.P., a minor who lived in Alaska, had been communicating with Westerfield in Arizona. From the time M.P. was 14 years old, she and Westerfield had been communicating about having sex and hoped to marry by the time she was 16 years old. Westerfield was 55 years old and both were aware of each other's age. Over the course of their relationship, Westerfield mailed M.P. a cell phone and various gifts. In his initial investigation, Torbenson retrieved pictures and accompanying text messages sent on May 13 and 14, 2012 from both M.P.'s phone and Westerfield's phone. The pictures were of Westerfield's genitalia. He was arrested and indicted in May 2012.

¶11 Shortly thereafter, Torbenson executed search warrants for Westerfield's cell phone providers. In Westerfield's Sprint account, Torbenson discovered additional pictures that were not on Westerfield's phone when he was first indicted in May 2012. The additional pictures exchanged between Westerfield and M.P. depicted Westerfield's genitalia and a naked M.P., focusing on her genitalia. Graphic sexual text messages accompanied the pictures. The pictures and text messages were sent and received on dates different than those in the first indictment. In July 2012, Torbenson prepared and submitted a supplemental report recommending further charges based upon the newly discovered evidence from the Sprint account. That evidence served as the basis for the second indictment in May 2014.

¶12 As early as February 2013, nine months after the first indictment, Westerfield was aware that the State intended to file additional

charges against him. At a February 14, 2013 status conference, the parties discussed the need for a risk assessment, possible trial dates, and "other pending charges." At that time, the parties were "seeking a global disposition" of the charges contained in the first indictment as well as any possible charges stemming from Torbenson's supplemental report. Westerfield was out-of-custody and present at the hearing. At a May 20, 2014 Final Trial Management Conference on the first indictment, Westerfield was present and rejected the State's plea offer. The prosecutor and defense counsel then discussed the potential for interviewing the two victims, M.W. and M.P., and announced that they were "ready to proceed to trial." The court affirmed the "Firm Trial Date of June 3, 2014." Nine days later, the State indicted Westerfield on the additional 11 counts.

¶13        The parties had open plea negotiations up until the trial management conference on May 20, 2014. At that conference, Westerfield rejected the plea offer on the record and the State then moved forward to indict on the additional 11 charges. Westerfield contends that he had previously rejected the plea offer and conveyed that to the State. Thus, he argues because the State had knowledge of the facts forming the grounds for the second indictment for two years, the State's motive for the second indictment was to compel him to give up his right to a jury trial.

¶14        Westerfield's arguments are without merit. When Westerfield was first indicted in May 2012, the State had not yet discovered the pictures and text messages exchanged between Westerfield and M.P. from February to April 2012. Torbenson's subsequent investigation uncovered new evidence for which Westerfield was legitimately subject to prosecution. *See United States v. Goodwin*, 457 U.S. 368, 382 (1982) ("[T]he initial charges filed by a prosecutor may not reflect the extent to which an individual is legitimately subject to prosecution."). Furthermore, Westerfield was aware of the possibility of additional charges during plea negotiations and although the State was ready to proceed to trial on the first indictment, both sides were seeking a resolution of all possible charges. Simply because Westerfield rejected the pre-trial plea offer and additional charges were filed does not establish a presumption of vindictiveness. The State's willingness to resolve both cases before obtaining the second indictment reflects an offer to forego additional charges in exchange for Westerfield's agreement to forego trial and save the State the time and expense of further investigation and a trial. The State was prepared to proceed to trial on the first case before obtaining the second indictment, contradicting Westerfield's claim that the second indictment was the result of vindictiveness or a desire to punish. *See id.* at 384 ("The possibility that a prosecutor would respond to a defendant's pretrial demand for a jury trial

by bringing charges not in the public interest that could be explained only as a penalty imposed on the defendant is so *unlikely* that a presumption of vindictiveness certainly is not warranted.").

**¶15**     Thus, Westerfield has failed to prove error, much less fundamental, prejudicial error, by the superior court's refusal to dismiss his case based on prosecutorial vindictiveness.

## CONCLUSION

**¶16**     Based on the foregoing, we affirm Westerfield's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:  AA