NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

PATRICIA ANN BUSH, *Appellant.*

No. 1 CA-CR 17-0087
FILED 5-17-2018

---

Appeal from the Superior Court in Maricopa County
No.  CR2015-002343-001 DT
The Honorable Warren J. Granville, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz, Angela Kebric Paton
*Co-Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Lawrence F. Winthrop joined.

---

**M O R S E**, Judge:

¶1          Patricia Ann Bush appeals her convictions and sentences for 120 counts of cruelty to animals.  She argues the trial court erred in denying her motion to dismiss for vindictive prosecution.  For the following reasons, we affirm.

### FACTS[1] AND PROCEDURAL HISTORY

¶2          On October 10, 2014, Bush was cited for 12 misdemeanor counts of animal cruelty.[2]  The State twice continued the pre-trial conference in justice court so Bush could obtain counsel.  On April 7, 2015, Bush was still unrepresented, and the parties requested a bench trial.  Ten days later, the State, citing "the interests of justice[,]" successfully moved to dismiss the Justice Court Case without prejudice.

¶3          On July 13, 2015, the grand jury issued an indictment that included the 12 misdemeanor charges from the Justice Court case and added 92 misdemeanor and 45 felony counts of animal cruelty.  The additional charges alleged offense dates of either December 11, 2014, or February 3, 2015.  All offenses related to diseased cats or cat corpses sheriff's deputies found in Bush's residence on the dates alleged.[3]

---

[1]     We view the facts in the light most favorable to upholding the verdicts.  *See State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (citing *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

[2]     For reasons not apparent from the record, the charges were brought in three separate cases, although the alleged offenses occurred on the same date and at the same location.  For ease of reference, we refer to the three cases collectively as the "Justice Court Case."

[3]     Thirty-four of the cats captured alive were subsequently euthanized because of their poor health and fractious behavior.

**¶4** Bush subsequently moved to dismiss, arguing the additional charges amounted to vindictive prosecution. In support of her motion, Bush asserted sheriff's deputies improperly contacted her at home after she was represented by counsel, and she claimed the prosecutor erroneously informed the court that one of Bush's release conditions while the Justice Court Case was pending included a prohibition against keeping cats in her home. The court denied Bush's motion.

**¶5** At the conclusion of the State's case in chief, the State agreed to dismiss two counts, and the trial court granted Bush's motion for judgment of acquittal relating to 26 counts. The jury found Bush not guilty of two counts and guilty of the remaining counts. The court suspended imposition of sentence and placed Bush on three years of supervised probation. Bush timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶6** Bush argues that the court erred in denying her motion to dismiss. She contends that the State vindictively prosecuted her in violation of her due process rights when, after she attempted to invoke her rights to counsel and a trial, the State dismissed the Justice Court Case and subsequently indicted her on additional, harsher charges.

**¶7** A defendant can establish prosecutorial vindictiveness in one of two ways. First, by showing actual vindictiveness with objective evidence that a prosecutor acted to punish the defendant for exercising his or her legal rights. *State v. Mieg*, 225 Ariz. 445, 447, ¶ 11 (App. 2010). Second, as applicable here, by relying on "a presumption of vindictiveness if the circumstances establish a 'realistic likelihood of vindictiveness.'" *Id.* at 448 (quoting *Blackledge v. Perry*, 417 U.S. 21, 27 (1974)). We consider all relevant circumstances in our determination of whether to apply a presumption of vindictiveness. *Id.* at ¶ 15. In doing so, we bear in mind that the pretrial decisions of prosecutors are entitled to "especially deferential" judicial evaluation. *Town of Newton v. Rumery*, 480 U.S. 386, 397 n. 7 (1987); *cf. United States v. Goodwin*, 457 U.S. 368, 381 (1982) ("[A] change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision."). If a defendant makes a prima facie showing that the decision to charge the defendant was more likely than not attributable to prosecutorial vindictiveness, then the burden shifts to the State to overcome the presumption by presenting objective evidence of facts justifying the prosecutor's action. *Mieg*, 225 Ariz. at 448, ¶ 12. We review a trial court's

decision whether to dismiss a case on vindictive prosecution grounds for an abuse of discretion. *Id.* at 447, ¶ 9.

¶8 The trial court properly denied Bush's motion to dismiss because Bush failed to establish that a "realistic likelihood of vindictiveness" motivated the State's decision to seek an indictment on animal cruelty charges beyond those from the Justice Court Case. After the Justice Court Case commenced, Bush continued to commit illegal acts of animal cruelty by sheltering cats in her unsanitary home. The State's desire to prosecute Bush for those acts does not amount to vindictiveness that violated Bush's due process rights. *See Mieg*, 225 Ariz. at 448, ¶ 12 (noting "the acceptable 'vindictive' desire to punish [a defendant] for any criminal acts" does not constitute "vindictiveness" that violates due process (quoting *United States v. Doran*, 882 F.2d 1511, 1518 (10th Cir. 1989))). And, in light of the judicial deference afforded a prosecutor's pretrial decision-making, the fact that sheriff's deputies visited Bush's home after she was charged in the Justice Court Case[4] or the prosecutor's misstatement regarding Bush's release conditions imposed by the justice court do not, as Bush argues, establish vindictiveness. On this record we do not find the trial court abused its discretion in denying the motion to dismiss on grounds of prosecutorial misconduct.

¶9 The cases Bush relies upon do not compel a different result. *See Bordenkircher v. Hayes*, 434 U.S. 357 (1978) (purported prosecutorial vindictiveness in the context of plea bargaining process); *United States v. Ruesga-Martinez*, 534 F.2d 1367 (9th Cir. 1976) (vindictive prosecution apparent when misdemeanor charge dismissed after defendant asserted his right to trial and State reindicted with felony charge based on same conduct); *State v. Tsosie*, 171 Ariz. 683 (App. 1992) (subsequently charging a felony based on same conduct underlying original misdemeanor charge, which was dismissed for a violation of speedy trial rights, held to be vindictive prosecution). Here, the record is silent as to any plea negotiations during the Justice Court Case, and the State reindicted Bush with the original misdemeanor counts in addition to charges stemming

---

[4] The record shows deputies visited Bush's home while the Justice Court Case was pending, and before she was represented, to follow up on the original investigation and to serve search warrants that led to the additional charges. The record also establishes deputies went to Bush's residence after the felony indictment issued to investigate ongoing complaints by her neighbors of "an extreme smell" emanating from her home. These later visits were not related to the charges in this case.

from conduct different from the acts underlying the allegations in the Justice Court Case.

## CONCLUSION

¶10        Bush's convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA