NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

UMAR SHUGA QURESHI, *Petitioner*.

No. 1 CA-CR 23-0153 PRPC
FILED 11-28-2023

Petition for Review from the Superior Court in Maricopa County
No. CR2013-427046-001
The Honorable Michael C. Blair, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

Umar Shuga Qureshi, Tucson
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge D. Steven Williams and Judge Samuel A. Thumma joined.

---

**M c M U R D I E**, Judge:

**¶1**　　　　Umar Shuga Qureshi petitions for review of the superior court's order denying his post-conviction relief ("PCR") petition filed under Arizona Rule of Criminal Procedure ("Rule") 32. We grant review but deny relief.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**　　　　Qureshi was in a car accident that injured another driver. As a result, in 2013, a grand jury indicted Qureshi on one count of aggravated assault, a dangerous offense. A jury found Qureshi guilty as charged with aggravating factors. The superior court sentenced Qureshi to ten years in prison, and Qureshi appealed.

**¶3**　　　　Before Qureshi's conviction, he caused another car accident, this time leading to a child's death. Thus, in 2014, a grand jury indicted Qureshi on one manslaughter count and two endangerment counts, all dangerous offenses. A jury found Qureshi guilty as charged with aggravating factors. The superior court sentenced him to concurrent sentences of four and a half years' imprisonment for each endangerment count and twenty years' imprisonment for the manslaughter count. The court ordered the manslaughter and endangerment sentences to run consecutively to the aggravated-assault sentence. Qureshi appealed.

**¶4**　　　　This court consolidated Qureshi's appeals. *State v. Qureshi*, 1 CA-CR 19-0536, 1 CA-CR 19-0537, 2020 WL 6495078, at *2, ¶ 10 (Ariz. App. Nov. 5, 2020) (mem. decision). On appeal, Qureshi argued the superior court erred by denying his request to represent himself in the proceedings for the 2014 charges. *Id.* at *2, ¶ 11. This court held that the superior court did not abuse its discretion because there was sufficient evidence that Qureshi could not represent himself competently. *Id.* at *2, *3, ¶¶ 11, 14.

**¶5**　　　　In the appeal, Qureshi also argued the superior court erred by failing to disqualify the entire Maricopa County Attorney's Office from his cases. *Qureshi*, 1 CA-CR 19-0536, 1 CA-CR 19-0537, at *5, ¶ 25. During a

2

pretrial status conference for both cases, the prosecutor made a derogatory comment about Qureshi to his counsel. *Id.* at ¶ 26. The County Attorney's Office removed the prosecutor from the cases and replaced him with other attorneys from the office. *Id.* The superior court declined to disqualify the entire office, *id.* at ¶ 27, and this court found no abuse of discretion, *id.* at *6, ¶ 30. This court affirmed Qureshi's convictions and sentences. *Id.* at *6, ¶ 31. The Arizona Supreme Court denied Qureshi's petition for review. *State v. Qureshi*, CR-20-0382-PR (Ariz. Nov. 29, 2021).

¶6        After the appeal, Qureshi submitted a PCR notice, and his PCR counsel submitted a notice finding no colorable claims. Qureshi filed a *pro se* PCR petition. He re-argued that the superior court erred by denying his request to represent himself during the proceedings for the 2014 charges. *See* Ariz. R. Crim. P. 32.1(a) (A defendant may assert in a PCR that his "conviction was obtained, or the sentence was imposed, in violation of the United States or Arizona constitutions[.]"); *Indiana v. Edwards*, 554 U.S. 164, 170-71, 178 (2008) (recognizing a constitutional right to proceed without counsel, though this right is not absolute). And he stated appellate counsel failed to address in the opening brief that he could have raised a "sudden passion" defense during the aggravation phase of the trial if he were allowed to represent himself.

¶7        Qureshi also raised a vindictive prosecution claim in his PCR petition. *See* Ariz. R. Crim. P. 32.1(a); *State v. Mieg*, 225 Ariz. 445, 448, ¶ 12 (App. 2010) (Vindictive prosecution may violate due process.). He asserted the Maricopa County Attorney's Office retaliated against him after he submitted a notice of intent to file a defamation suit for the prosecutor's derogatory statement. To support his claim, he presented a letter from a Maricopa County claims manager requesting his social media account information to investigate the defamation allegations. Qureshi claimed counsel failed to raise this issue in his appeal.

¶8        The superior court denied Qureshi's PCR petition and the requested evidentiary hearing. First, the superior court found that Qureshi's claim that he was denied the right to represent himself was precluded because it "was specifically addressed and rejected by the Court of Appeals." *See* Ariz. R. Crim. P. 32.2(a)(2). The court also found the vindictive prosecution claim could be precluded under Rule 32.2(a)(2) because it stemmed from the prosecutor's derogatory statement that led to his removal, an issue adjudicated on appeal. In the alternative, the vindictive prosecution claim was precluded under Rule 32.2(a)(3) because it "arose from an issue that was raisable on appeal." The superior court rejected Qureshi's "tangential remarks about issues allegedly not raised in

his opening brief on appeal" because he did not raise an appellate counsel ineffective assistance claim and failed to produce evidence supporting such a claim.

**¶9** Qureshi petitioned for this court's review. We have jurisdiction under A.R.S. § 13-4239(C) and Rule 33.16(a)(1).

## DISCUSSION

**¶10** We review the superior court's decision to deny post-conviction relief for an abuse of discretion, *State v. Reed*, 252 Ariz. 236, 238, ¶ 6 (App. 2021), and we will affirm the superior court if the decision "is legally correct for any reason." *State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7 (2015).

**¶11** Generally, a defendant is precluded from relief under Rule 32.1(a) if the claim was "finally adjudicated on the merits in an appeal" or was waived on appeal. Ariz. R. Crim. P. 32.2(a)(2), (3). After the court identifies precluded and untimely claims, and if no remaining claims entitle the defendant to relief, "the court must summarily dismiss the petition." Ariz. R. Crim. P. 32.11(a).

**¶12** We agree with the superior court that Qureshi's challenge to the denial of his request to represent himself was "finally adjudicated on the merits in an appeal" and thus precluded. *See* Ariz. R. Crim. P. 32.2(a)(2). Also, because Qureshi could have raised the vindictive prosecution claim on appeal, it is waived and precluded. *See* Ariz. R. Crim. P. 32.2(a)(3). Qureshi does not challenge the superior court's preclusion findings in his review petition.

**¶13** Qureshi insists he made an ineffective assistance of counsel claim in his PCR petition. He asserts he made "crystal clear" that appellate counsel was "insufficient" by failing to offer certain facts in his opening brief. The superior court did not abuse its discretion by finding that Qureshi's remarks about appellate counsel were "tangential." But Qureshi did note his appellate counsel failed to raise issues, and the appellate briefs did not discuss the vindictive prosecution claim or the "sudden passion" defense. Thus, we will consider whether Qureshi stated a colorable claim of ineffective assistance of appellate counsel. Whether Qureshi's appellate counsel was ineffective is a mixed question of fact and law, and we review the superior court's legal conclusions *de novo*. *State v. Macias*, 249 Ariz. 335, 340, ¶ 16 (App. 2020).

**¶14** A defendant is entitled to an evidentiary hearing only on colorable claims. *State v. Runningeagle*, 176 Ariz. 59, 63 (1993). A colorable claim of ineffective assistance of counsel is "one that, if the allegations are true, might have changed the outcome." *Id.* To state a colorable ineffective assistance of counsel claim, "a defendant must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant." *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

**¶15** There is a strong presumption that the appellate counsel provided effective assistance. *Bennett*, 213 Ariz. at 567, ¶ 22. Appellate counsel reviews the record and is responsible for "selecting the most promising issues to raise on appeal." *Id.* Generally, counsel is not ineffective for "selecting some issues and rejecting others" unless the defendant can overcome the presumption and show that counsel ignored issues stronger than those selected for appeal. *Id.* (quoting *State v. Herrera*, 183 Ariz. 642, 647 (App. 1995)). The "strategic decision to 'winnow out weaker arguments on appeal and focus on' those more likely to prevail is an acceptable exercise of professional judgment." *State v. Febles*, 210 Ariz. 589, 596, ¶ 20 (App. 2005) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)) (cleaned up).

**¶16** Qureshi argues several facts that his counsel should have raised or disputed on appeal for his self-representation claim, including that the superior court judge was biased and that Qureshi wanted to raise a "sudden passion" defense during the trial's aggravation phase. But Qureshi fails to overcome the presumption that counsel used professional judgment to select the strongest arguments for the appeal and reject those unlikely to prevail. *See Bennett*, 213 Ariz. at 567, ¶ 22. Qureshi also fails to explain how his outcome on appeal might have been different. *Runningeagle*, 176 Ariz. at 63. He argues that the superior court would have given him a lesser sentence had he presented the "sudden passion" mitigation evidence. But such an argument is irrelevant to the issue of how that would have changed this court's conclusion that the superior court did not err by declining Qureshi's request to represent himself.

**¶17** Qureshi also asserts his counsel failed to raise a vindictive prosecution claim on appeal. He claims appellate counsel should have argued that the Maricopa County Attorney's Office retaliated against him by requesting his social media account information. But the Maricopa County claims manager requested his account information in response to Qureshi's notice of intent to sue the County for defamation, not his criminal charges. Appellate counsel was within its professional discretion to decline

to raise this argument on appeal. *See Febles*, 210 Ariz. at 596, ¶ 20; *see also Macias*, 249 Ariz. at 341, ¶ 21 ("Appellate counsel did not render ineffective assistance by selecting more viable issues to press on appeal.").

**¶18** Qureshi did not provide evidence that the appellate counsel's failure to raise other issues fell below objectively reasonable standards or that counsel did not select the most promising issues. *See Bennett*, 213 Ariz. at 567, ¶¶ 21, 22. Nor did Qureshi provide evidence from which the court could conclude the outcome of his appeal might have been different had counsel raised the other issues. *See id.* at ¶ 21.

**¶19** Because Qureshi failed to state a colorable claim, the superior court did not err by denying the petition and the request for an evidentiary hearing.

**CONCLUSION**

**¶20** We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    AA